## Sheppard v. Meusel

*Anthony P. Baratta,* for plaintiffs.
*John J. O'Brien, Jr.,* for defendants.

HIRSH, J., November 19, 1973.—On June 19, 1972, plaintiffs initiated this action by a writ of summons in trespass. However, no complaint was filed and defendant, Holt Motor Express, Inc., served a rule upon plaintiffs to file a complaint within 20 days or suffer a judgment of non pros. Thereafter, by agreement of counsel, plaintiffs were given 30 additional days to file their complaint. That 30-day period ended on September 8, 1972, but since no complaint was filed, defendant entered the threatened judgment of non pros. Now, plaintiffs petition this court to open that judgment and it is plaintiffs' petition and defendant's answer thereto which are presently before this court.

Before this court can exercise its discretionary power to open a judgment of non pros, three factors must be present, namely: (1) the petition to open the judgment must be timely filed, (2) the default in filing a complaint must be reasonably explained or excused, and (3) facts constituting grounds for a cause of action

must be alleged: Goldstein v. Graduate Hospital of the University of Pennsylvania, 441 Pa. 179, 272 A.2d 472 (1971). In the present case, this court finds that plaintiffs have satisfied these criteria and, accordingly, grants plaintiffs' petition for the following reasons:

First, plaintiffs' petition was filed on December 22, 1972, three months after the entry of the judgment of non pros on September 8, 1972. Although three months elapsed before plaintiffs filed their petition, this court notes that during this time plaintiffs' and defendant's counsel were negotiating the possibility that this judgment would be opened by stipulation. Furthermore, defendant's counsel does not deny that such negotiations occurred during this three-month period. Therefore, this court must conclude that plaintiffs timely filed their petition in light of the unrefuted fact that negotiations to amicably settle this problem were in progress.

The second prerequisite, a reasonable explanation for plaintiffs' failure to file a complaint, is also satisfied. After defendant's counsel served the rule to file a complaint on plaintiffs, counsel for defendant agreed to give plaintiffs' counsel an additional 30 days in which to file a complaint. This extension was apparently granted because of plaintiffs' counsel absence from his office due to a vacation and a personal family tragedy. Now, defendant's counsel asserts that this explanation does not reasonably excuse plaintiffs' counsel from filing a complaint. However, whether such an explanation is valid or not is not at issue here. The fact remains that defendant's counsel accepted such an explanation when he amicably agreed to extend a professional courtesy to plaintiffs' counsel, and in light of the fact that plaintiffs' delay in filing a complaint was occasioned by this 30-day extension of time, this court feels that plaintiffs have reasonably ex-

plained their delay in filing a complaint. That this 30-day extension ran until Friday, September 8, 1972, the day when defendant took a judgment of non pros, and that plaintiffs did not file their complaint within that time, should not detract from the fact that plaintiffs did attempt to comply with the agreement by filing their complaint on the following Wednesday, September 13, 1972, not knowing that defendant had proceeded to take his judgment on the thirtieth day. Furthermore, plaintiffs' counsel explains this short delay beyond September 8, 1972, by stating that these additional few days were necessary so that plaintiffs could properly execute the affidavits attached to the complaint. Therefore, this court believes that plaintiffs' explanation, that the original delay was caused by the 30-day extension agreement and that the short delay beyond September 8, 1972, was necessary so that plaintiffs could execute affidavits, is reasonable and sufficient to support the opening of this judgment of non pros.

The third and final criterion requires plaintiffs to set forth allegations which support a cause of action. Here, this requirement is clearly met by a copy of a complaint which plaintiffs attach as an exhibit to their reply memorandum to defendant's answer to this petition. In that complaint, plaintiffs made sufficient allegations for this court to conclude that plaintiffs have grounds for a trespass cause of action.

Accordingly, it is, therefore, ordered that the judgment of non pros is opened, with leave to plaintiff to file his complaint within 20 days from the date of this order.