421 A.2d 1045

Nancy F. GREGORY, Executrix of the Estate of Howard C. Gregory, Deceased and Nancy F. Gregory, in her own right, Appellant,

v.

HAZLETON STATE GENERAL HOSPITAL and Commonwealth of Pennsylvania Department of Public Welfare.

Argued April 14, 1980.

Leonard IANNACHIONE, Appellant,

v.

Suzanne B. KREINBROOK, Hugh E. Chavern and the Commonwealth of Pennsylvania.

Supreme Court of Pennsylvania.

Argued Sept. 20, 1979.

Decided Oct. 10, 1980.

Edward F. Silva, Philadelphia, for appellant in 299.

Edward P. Carey, Asst. Atty. Gen., Herbert L. Olirieri, Harrisburg, for appellee in 299.

Carl Gainor, Snyder & Gainor, P. A., Pittsburgh, for appellant in 127.

Peter J. Curry, Asst. Atty. Gen., Barbara Brown, Harrisburg, for appellee in 127.

## OPINION OF THE COURT

PER CURIAM:

The Orders of the Commonwealth Court are vacated and the records are remanded for proceedings consistent with *Mattos v. Thompson,* 491 Pa. 385, 421 A.2d 190 (1980).

ROBERTS, J., files a dissenting opinion.

EAGEN, former C. J., took no part in the consideration or decision of these cases.

ROBERTS, Justice, dissenting.

I adhere to the view, joined by former Chief Justice Eagen, which I expressed in *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980) (dissenting opinion), that our Legislature's Health Care Services Malpractice Act should not be declared unconstitutional. It is indeed curious that in *Mattos*, after judicially interring the Legislature's carefully amended arbitration plan and ignoring the Legislature's judgment that the recent amendments to the Act will more promptly resolve malpractice disputes, the majority then proceeds to extol the virtues of arbitration.

It is the stated legislative purpose of this Act to establish a system where one injured by providers of health care services "can obtain a prompt determination and adjudication of his claim. . . ." Act of October 15, 1975, P.L. 390, § 102, 40 P.S. § 1301.102 (Supp.1980). Consistent with this purpose, the recent December 1979 legislative amendments and the more recent February 1980 administrative regulations mandate that malpractice plaintiffs will have their cases heard within fifteen months. The Legislature's goal of a prompt determination of malpractice disputes thus would have been accomplished if not for the majority's hasty and ill–considered declaration of unconstitutionality.

The cases remanded today are only the beginning of an avalanche of cases which will be descending upon our trial courts and adding to their already heavy caseloads. Surely it must be clear that these disputes would be more promptly resolved through the amended arbitration procedures.

Not only malpractice litigants but all other litigants in our trial courts will be required unnecessarily to wait still longer for the resolution of their disputes. Regrettably, with the untimely demise of the Legislature's amended arbitration plan, there will be not less, but more delay.