David A. FIRICH, Appellant,

v.

The AMERICAN CYSTOSCOPE MAK-
ERS, INC., a corporation; American
Hospital Supply Corporation, a corpora-
tion; V. Mueller Company, a corpora-
tion; Stuart's Drug & Surgical Supply,
Inc., a corporation, Appellees,

v.

Robert W. DOEBLER and Sewickley
Valley Hospital, Appellees.*

No. 80–1195.

United States Court of Appeals,
Third Circuit.

Argued Sept. 18, 1980.

Decided Dec. 18, 1980.

William S. Schweers, Jr. (argued), Har-
rington & Schweers, Pittsburgh, Pa., for
appellant.

Thomas J. Reinstadtler (argued), John G.
Dileonardo, Egler & Reinstadtler, Pitts-
burgh, Pa., for appellee American Cysto-
scope Makers.

Bernard W. O'Keefe (argued), Weis &
Weis, Pittsburgh, Pa., for appellee Sewick-
ley Valley Hospital.

James F. Israel (argued), Trushel, Wood
& Israel, Pittsburgh, Pa., for appellee Doe-
bler.

Before ADAMS, HUNTER and HIGGIN-
BOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit
Judge.

The plaintiff brought this diversity suit
against the manufacturer, distributor, and
retailer of an allegedly defective surgical
device that injured him during a medical
procedure. After the defendants joined the
doctor who performed the procedure and
the hospital in which it was performed as
third–party defendants, the district court
dismissed the entire suit on the ground that
the Pennsylvania Health Care Services Mal-
practice Act, Pa.Stat.Ann. tit. 40, §§ 1301.-
101-1301.1006 (Purdon's Supp. 1980–81)(the
Act), gave the Pennsylvania Medical Arbi-
tration Panels (the Panels) original exclu-
sive jurisdiction over the entire case. While
an appeal from the district court's dismissal

* For clerical purposes, we note that the caption
as shown is correct.

was pending, however, the Pennsylvania Supreme Court in *Mattos v. Thompson*, —— Pa. ——, 421 A.2d 190 (1980), declared the provision of the Act giving the Panels original exclusive jurisdiction unconstitutional under state law. Since we conclude that the Pennsylvania courts would apply the *Mattos* decision to cases, such as this, which were on appeal when it was filed, we need not reach the other important issues raised by this case, and reverse.

On July 28, 1977, David A. Firich entered Sewickley Valley Hospital in Sewickley, Pennsylvania because of problems he was experiencing in his urethral system. The following day, his doctor, Dr. Robert W. Doebler, performed a procedure to dilate a dense urethral stricture that had been discovered. A slender cylinder called a filiform was connected by Doebler to a follower, introduced into Firich's urethra, and passed into his bladder. Unfortunately, when the follower was removed, the filiform was no longer attached. The doctors later discovered that the filiform remained in the bladder, necessitating a subsequent operation for its removal. Firich was discharged from the hospital on August 12, 1977.

On May 29, 1979, Firich brought a diversity suit in federal district court against the four companies that had allegedly manufactured, distributed, and sold the filiform device–The American Cystoscope Makers, Inc., American Hospital Supply Corporation, V. Mueller Company, and Stuart's Drug and Surgical Supply, Inc. The basis of his claim was strict liability in tort under the standard set forth in *Restatement (Second) of Torts § 402A (1965)*. In response to the complaint, three of the defendants impleaded Dr. Doebler and Sewickley Valley Hospital under Fed.R.Civ.P. 14. They claimed that the third–party defendants had negligently failed to assemble and supervise the assembly of the filiform

device and its follower, and to conduct the surgical procedure. These negligent acts were alleged to have been either jointly or severally the direct and proximate cause of the plaintiff's injuries.

Subsequently, the third–party defendants moved pursuant to F.R.Civ.P. 12(b)(1) that the court dismiss the case against them on the basis of Section 309 of the Act. Section 309 states that the Panels have original exclusive jurisdiction "to hear and decide any claim brought by a patient . . . for loss or damages resulting from the furnishing of medical services . . . ." [1] The court dismissed the entire suit against the third–party defendants *and* the original defendants on the ground that the Panels had exclusive jurisdiction over all the parties in this case. Its decision was based on this court's opinion in *Edelson v. Soricelli*, 610 F.2d 131 (3d Cir. 1979), which concluded, according to the district court, that "the . . . doctrine [of *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),] requires the federal courts to give effect to the jurisdictional provisions of the . . . Act." *Firich v. American Cystoscope Makers, Inc.*, 482 F.Supp. 1043, 1046 (W.D.Pa.1980). Under the district court's interpretation of Pennsylvania law, the Act gave the Panels exclusive original jurisdiction over a case, such as this, where the injury to the plaintiff had "arisen from the interaction of medical equipment and medical personnel" so that the "patient reasonably can expect that the nonhealth care provider will join a health care provider as an additional defendant." *Id.* at 1053. Thus, it held that the entire case would have to be reviewed by a Panel before federal jurisdiction could be assumed.

The plaintiff appealed the decision of the district court. After briefing and oral argument before this court the Pennsylvania Supreme Court in *Mattos v. Thompson* de-

---

1. Section 309 states in full:

    The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or

which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider.

clared Section 309 unconstitutional under article one, section 11 of the Pennsylvania Constitution. Pa.Const. art. 1, § 11. It reasoned that "the delays involved in processing [medical malpractice] claims under the prescribed procedures set up under the Act result in an oppressive delay and impermissibly infringes [sic] upon the constitutional right to a jury." *Mattos v. Thompson*, 421 A.2d at 196. At the direction of this court, the parties provided supplemental briefing on the significance of *Mattos*. Appellant contended that *Mattos* removed any impediment to the exercise of federal jurisdiction. The appellees suggested that *Mattos* was inapplicable because it would not be applied retroactively by the Pennsylvania Supreme Court to cases that were on appeal when the decision was filed.

We believe that *Mattos* removes any impediment to federal jurisdiction in this case. *Mattos* struck down the section of the Act giving the arbitration panels exclusive jurisdiction over medical malpractice cases, and, therefore, the Act cannot, under any construction, impede a federal court from assuming jurisdiction.[2] The issue of whether *Mattos* is applicable to cases on appeal at the time of the decision has been resolved by the Pennsylvania Supreme Court's application of that decision to cases on appeal in the state court system at the time it was filed. *See Gregory v. Hazleton State General Hospital*, —— Pa. ——, 421 A.2d 1045 (1980) (vacating case in light of *Mattos*); *Iannachione v. Kreinbrook*, —— Pa. ——, 421 A.2d 1045 (1980). (companion case) (same). *See generally Gibson v. Commonwealth*, —— Pa. ——, 415 A.2d 80, 84 (1980) (holding retroactive a Pennsylvania case abrogating common law sovereign immunity). Thus, we conclude that the Act cannot be construed as depriving the district court of jurisdiction and will reverse for further proceedings not inconsistent with this opinion.[3]

---

**2.** The Attorney General in an advisory opinion provided to the Administrator of the Arbitration Panels for Health Care has also concluded that *Mattos* makes jurisdiction of the arbitration panels voluntary by all of the parties. Attorney General's Opinion 80–2.

---

**3.** Because of our disposition of the case, we need not decide whether Section 309 would have deprived the federal courts of jurisdiction.