635 F.2d 259
 David A. FIRICH, Appellant,
v.
The AMERICAN CYSTOSCOPE MAKERS, INC., a corporation;
American Hospital Supply Corporation, a corporation; V.
Mueller Company, a corporation; Stuart's Drug& Surgical
Supply, Inc., a corporation, Appellees,
v.
Robert W. DOEBLER and Sewickley Valley Hospital, Appellees.
*
 No. 80-1195.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 18, 1980.
Decided Dec. 18, 1980.
 
 William S. Schweers, Jr. (argued), Harrington & Schweers, Pittsburgh, Pa., for appellant.
 Thomas J. Reinstadtler (argued), John G. Dileonardo, Egler & Reinstadtler, Pittsburgh, Pa., for appellee American Cystoscope Makers.
 Bernard W. O'Keefe (argued), Weis & Weis, Pittsburgh, Pa., for appellee Sewickley Valley Hospital.
 James F. Israel (argued), Trushel, Wood & Israel, Pittsburgh, Pa., for appellee Doebler.
 Before ADAMS, HUNTER and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 The plaintiff brought this diversity suit against the manufacturer, distributor, and retailer of an allegedly defective surgical device that injured him during a medical procedure. After the defendants joined the doctor who performed the procedure and the hospital in which it was performed as third-party defendants, the district court dismissed the entire suit on the ground that the Pennsylvania Health Care Services Malpractice Act, Pa.Stat.Ann. tit. 40, §§ 1301.101-1301.1006 (Purdon's Supp. 1980-81)(the Act), gave the Pennsylvania Medical Arbitration Panels (the Panels) original exclusive jurisdiction over the entire case. While an appeal from the district court's dismissal was pending, however, the Pennsylvania Supreme Court in Mattos v. Thompson, --- Pa. ---, 421 A.2d 190 (1980), declared the provision of the Act giving the Panels original exclusive jurisdiction unconstitutional under state law. Since we conclude that the Pennsylvania courts would apply the Mattos decision to cases, such as this, which were on appeal when it was filed, we need not reach the other important issues raised by this case, and reverse.
 
 
 2
 On July 28, 1977, David A. Firich entered Sewickley Valley Hospital in Sewickley, Pennsylvania because of problems he was experiencing in his urethral system. The following day, his doctor, Dr. Robert W. Doebler, performed a procedure to dilate a dense urethral stricture that had been discovered. A slender cylinder called a filiform was connected by Doebler to a follower, introduced into Firich's urethra, and passed into his bladder. Unfortunately, when the follower was removed, the filiform was no longer attached. The doctors later discovered that the filiform remained in the bladder, necessitating a subsequent operation for its removal. Firich was discharged from the hospital on August 12, 1977.
 
 
 3
 On May 29, 1979, Firich brought a diversity suit in federal district court against the four companies that had allegedly manufactured, distributed, and sold the filiform device-The American Cystoscope Makers, Inc., American Hospital Supply Corporation, V. Mueller Company, and Stuart's Drug and Surgical Supply, Inc. The basis of his claim was strict liability in tort under the standard set forth in Restatement (Second) of Torts § 402A (1965). In response to the complaint, three of the defendants impleaded Dr. Doebler and Sewickley Valley Hospital under Fed.R.Civ.P. 14. They claimed that the third-party defendants had negligently failed to assemble and supervise the assembly of the filiform device and its follower, and to conduct the surgical procedure. These negligent acts were alleged to have been either jointly or severally the direct and proximate cause of the plaintiff's injuries.
 
 
 4
 Subsequently, the third-party defendants moved pursuant to F.R.Civ.P. 12(b)(1) that the court dismiss the case against them on the basis of Section 309 of the Act. Section 309 states that the Panels have original exclusive jurisdiction "to hear and decide any claim brought by a patient ... for loss or damages resulting from the furnishing of medical services...."[1] The court dismissed the entire suit against the third-party defendants and the original defendants on the ground that the Panels had exclusive jurisdiction over all the parties in this case. Its decision was based on this court's opinion in Edelson v. Soricelli, 610 F.2d 131 (3d Cir. 1979), which concluded, according to the district court, that "the ... doctrine (of Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),) requires the federal courts to give effect to the jurisdictional provisions of the ... Act." Firich v. American Cystoscope Makers, Inc., 482 F.Supp. 1043, 1046 (W.D.Pa.1980). Under the district court's interpretation of Pennsylvania law, the Act gave the Panels exclusive original jurisdiction over a case, such as this, where the injury to the plaintiff had "arisen from the interaction of medical equipment and medical personnel" so that the "patient reasonably can expect that the nonhealth care provider will join a health care provider as an additional defendant." Id. at 1053. Thus, it held that the entire case would have to be reviewed by a Panel before federal jurisdiction could be assumed.
 
 
 5
 The plaintiff appealed the decision of the district court. After briefing and oral argument before this court the Pennsylvania Supreme Court in Mattos v. Thompson declared Section 309 unconstitutional under article one, section 11 of the Pennsylvania Constitution. Pa.Const. art. 1, § 11. It reasoned that "the delays involved in processing (medical malpractice) claims under the prescribed procedures set up under the Act result in an oppressive delay and impermissibly infringes (sic) upon the constitutional right to a jury." Mattos v. Thompson, 421 A.2d at 196. At the direction of this court, the parties provided supplemental briefing on the significance of Mattos. Appellant contended that Mattos removed any impediment to the exercise of federal jurisdiction. The appellees suggested that Mattos was inapplicable because it would not be applied retroactively by the Pennsylvania Supreme Court to cases that were on appeal when the decision was filed.
 
 
 6
 We believe that Mattos removes any impediment to federal jurisdiction in this case. Mattos struck down the section of the Act giving the arbitration panels exclusive jurisdiction over medical malpractice cases, and, therefore, the Act cannot, under any construction, impede a federal court from assuming jurisdiction.[2] The issue of whether Mattos is applicable to cases on appeal at the time of the decision has been resolved by the Pennsylvania Supreme Court's application of that decision to cases on appeal in the state court system at the time it was filed. See Gregory v. Hazleton State General Hospital, --- Pa. ---, 421 A.2d 1045 (1980) (vacating case in light of Mattos); Iannachione v. Kreinbrook, --- Pa. ---, 421 A.2d 1045 (1980). (companion case) (same). See generally Gibson v. Commonwealth, --- Pa. ---, 415 A.2d 80, 84 (1980) (holding retroactive a Pennsylvania case abrogating common law sovereign immunity). Thus, we conclude that the Act cannot be construed as depriving the district court of jurisdiction and will reverse for further proceedings not inconsistent with this opinion.[3]
 
 
 
 *
 For clerical purposes, we note that the caption as shown is correct
 
 
 [1]
 Section 309 states in full:
 The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider.
 
 
 [2]
 The Attorney General in an advisory opinion provided to the Administrator of the Arbitration Panels for Health Care has also concluded that Mattos makes jurisdiction of the arbitration panels voluntary by all of the parties. Attorney General's Opinion 80-2
 
 
 [3]
 Because of our disposition of the case, we need not decide whether Section 309 would have deprived the federal courts of jurisdiction