Brigham, Appellant, *v.* Eglin's of Philadelphia, Inc.

Argued November 17, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

reargument refused January 17, 1962.

*Joseph R. Siegert*, with him *Joseph Patrick Gorham*, for appellant.

*Ralph S. Croskey*, with him *Frederick W. Anton, III*, for appellee.

*James M. Marsh*, with him *LaBrum and Doak*, for Josephine Deutsch, appellee.

OPINION BY MR. JUSTICE EAGEN, January 2, 1962:

The narrow question this appeal presents is: Whether or not the lower court abused its legal discretion in refusing to remove a judgment of non pros? We conclude it did not.

The action involved sought recovery of damages for personal injuries allegedly suffered by the plaintiff when struck by an automobile owned by the defendant, Jacqueline Deutsch, and operated by an employee of the defendant, Eglin's of Philadelphia, Inc. The accident occurred on May 23, 1958. Suit was instituted by the issuance of a summons on July 23, 1958. The defendant Eglin's ruled plaintiff to file a complaint on August 22, 1958. The plaintiff served interrogatories on defendant Deutsch, on September 17, 1958. Defendant Deutsch responded to plaintiff's interrogatories by filing preliminary objections raising questions of juris-

diction, venue and service. No action on these objections followed until January 23, 1961. The plaintiff never filed his complaint. Defendant Eglin's entered a judgment of non pros on December 4, 1958.[1]

More than two years later, on December 29, 1960, plaintiff's counsel filed a petition to remove the non pros, alleging that because of incorrect notations inadvertently made in plaintiff-counsel's office control system, it was erroneously assumed that the complaint had been filed. The lower court refused the request. This appeal followed.

The relief sought of the court below was by way of grace and not of right. Its grant or refusal was within the discretion of that tribunal. On appeal, we may not reverse unless there was a clear abuse of discretion: *Pinsky v. Master,* 343 Pa. 451, 23 A. 2d 727 (1942).

The court below predicated its refusal to grant the relief requested on the ground that the application was not made with reasonable promptness and because of the absence of compelling equities. As pointed out in *Baraonfski v. Malone,* 371 Pa. 479, 91 A. 2d 908 (1952), although a court has the power to open a default judgment after the expiration of the term in which it was entered, the application for that purpose must be made without unreasonable delay or else the relief sought is barred by laches.

The matter presented was peculiarly for the lower court's decision and the record does not disclose an abuse of legal discretion.

Order affirmed.

Mr. Justice MUSMANNO dissents.

---

[1] Although, this is not part of the record, defendant's counsel has attached to his printed brief copies of two letters (one dated August 13, 1958, and another dated August 22, 1958) addressed to plaintiff's counsel requesting the filing of the complaint and notifying him that judgment of non pros would be entered if it were not done.