Mazer, Appellant, *v.* Sargent Electric
Company.

Argued March 20, 1962. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen and O'Brien, JJ.

·*Harry Alan Sherman,* for appellant.

*Thomas J. Reinstadtler, Jr.,* with him *Frederick N.
Egler, David H. Trushel,* and *Reed and Egler,* and
*Dickie, McCamey, Chilcote & Robinson,* for appellees...

Opinion by Mr. Justice Eagen, April 17, 1962:
This is an appeal from an order in the court below
refusing to strike off judgments of non pros.

On January 4, 1957, plaintiff, Edwin J. Mazer,
while employed in the Homestead Plant of the United
States Steel Corporation, was seriously injured when

he suffered a severe electrical shock while removing the outer cover from the circuit-breaker of an electrical transformer.

On January 2, 1959, a praecipe for summons in trespass was filed by his then counsel, wherein the Sargent Electric Company and the General Electric Company were named defendants. No complaint was filed.

On February 13, 1959, the defendant, the General Electric Company, filed a praecipe for a rule upon the plaintiff to file the complaint in the action. Service was duly made on plaintiff's counsel. On March 19, 1959, the same defendant filed a second praecipe for a rule upon the plaintiff to file the complaint which was also served on plaintiff's counsel.

On April 10, 1959, the defendant, the Sargent Electric Company, secured a rule directed to the plaintiff to file a complaint, service of which was accepted by plaintiff's counsel.

On April 15, 1959, the complaint not having been filed, the defendant, the General Electric Company, caused a judgment of non pros to be entered of record in its favor for failure to file a complaint. On October 30, 1959, the defendant, the Sargent Electric Company, caused a judgment of non pros to be entered of record in its favor. The then counsel for the plaintiff received almost immediate notice of the entry of these judgments.

On April 29, 1960, new counsel for the plaintiff filed a motion to strike off the judgment of non pros. Since the motion was not directed to defects in the record, the motion to strike was improper: *Gilbertson Coal Company v. Schuster*, 403 Pa. 226, 169 A. 2d 44 (1961). However, we will, as did the court below, consider the motion as a request to open the judgments.

Depositions were taken and filed. After argument, the court below refused to open the judgments. Plaintiff appeals.

A request to open a judgment of non pros is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion. An appellate court may not reverse the lower court's ruling unless an abuse of discretion is clearly evident: *Brigham v. Elgin's of Phila.*, 406 Pa. 99, 176 A. 2d 404 (1962). The facts herein do not warrant any such conclusion.

The judgments involved were entered only after plaintiff's counsel was given repeated notices that the filing of the complaint was mandatory. These notices were ignored. Even after the judgments were entered, with plaintiff counsel's knowledge, there was a long delay before any relief was requested. In *Hale v. Uhl*, 293 Pa. 454, 457, 458, 143 Atl. 115 (1928), this Court stated: "To warrant a trial court granting a plaintiff relief from judgment of non pros, application therefor must be promptly made. (Citing case) The delay in the instant cases of seventeen months in one and seven months in the other was alone sufficient to justify the orders appealed from."

Further, not only must the application for relief be made promptly, but reasonable grounds must be shown for the default. The plaintiff in the petition to strike asserts that the injury suffered in the accident so affected him physically and mentally that he was unable to cooperate with his counsel and was unaware that his interests were not being protected in this lawsuit. No medical testimony in support of this is offered.

The accident occurred on January 4, 1957. The plaintiff was hospitalized until July 4, 1957. Following that date, he was out and around, and regularly visited the emergency hospital, located in the Homestead Plant where he worked, for therapy treatments. He returned to his employment in October 1957, and continued to work until November 1959. This certainly belies his assertion that his condition prevented him

from consulting with his counsel and pursuing cooperative action in the prosecution of this suit.

Moreover, plaintiff's request to open the judgments of non pros is in the nature of an appeal to the equitable powers of the court. It is an old familiar maxim that he who seeks equity must do equity. In the depositions, plaintiff admitted receiving at least two letters from his counsel to whom he had given a power of attorney. When asked to produce these letters or to disclose their contents, he refused to answer on the ground that the information was privileged. For one who is asking equitable relief, conduct of this nature certainly does not impel one to believe in the justice of his cause.

Order affirmed.