## Goldstein v. Graduate Hospital of The University of Pennsylvania, Appellant.

Argued November 12, 1970. Before JONES, COHEN, EAGEN, O'BRIEN and POMEROY, JJ.

*James R. Redeker,* with him *John J. Dautrich,* and *White and Williams,* for appellant.

*Rudolph A. Chillemi,* with him *Herbert F. Kolsby,* and *Kolsby & Wolf,* for appellee.

OPINION BY MR. JUSTICE JONES, January 7, 1971:

This is an appeal in a trespass action instituted in the Court of Common Pleas of Philadelphia from an order granting appellee's motion to remove the judgment of non pros. taken by the appellant for failure of the appellee to file a complaint within twenty days after a rule was filed requiring appellee to do so or suffer judgment of non pros.

There is no dispute about the facts. The death of appellee's decedent on November 24, 1967, was allegedly caused by the malpractice of certain physicians and the negligence of appellant.[1] A summons in trespass was filed November 15, 1968, and was served on appellant five days later. On March 11, 1969, counsel for the appellant wrote to appellee's counsel requesting him to file a complaint without the necessity of a for-

---

[1] Separate actions were instituted against the individual physicians and were still listed for trial at the time of oral argument of this appeal.

mal rule. It was alleged and *admitted* that the following day appellant's counsel, by telephone, agreed to an extension of time in which to file a complaint because appellee's counsel, without the hospital records in the possession of the appellant, doubted the validity of this cause of action. *Although these records were made fully available to appellee's counsel,* no complaint was filed. On May 12, 1969, appellee's counsel was notified that a rule to file a complaint within twenty days or suffer a judgment of non pros. had been filed. After the expiration date of June 2, 1969, appellant's counsel notified appellee's counsel that a judgment of non pros. would be taken if the complaint was not promptly filed. A second warning was later given appellee's counsel indicating that a judgment of non pros. would be taken on July 2, 1969.

*None of this correspondence was heeded* and a judgment of non pros. was taken on July 7, 1969. Even after that date appellant's counsel, on July 8, 1969, graciously agreed not to oppose an opening of the judgment if a complaint was filed by July 15, 1969. No complaint having been filed, appellant's counsel closed its file and so informed appellee's counsel on August 28, 1969. Notwithstanding, appellee filed a complaint on September 23 1969, which was later returned by the Prothonotary as having been accepted in error. Thereafter, appellee's counsel petitioned to remove the judgment of non pros., which petition was granted by the court below following oral argument.[2]

---

[2] Originally the petition sought to *strike* the judgment of non pros. However, it was amended at oral argument below, thereby avoiding the situation presented and discussed in *Cox v. Felice Perri & Sons,* 412 Pa. 415, 195 A. 2d 79 (1963). Like the lower court, we will treat the petition as one to open rather than strike the judgment of non pros. *See, e.g., Whatley v. Baynard,* 437 Pa. 498, 264 A. 2d 721 (1970) ; *Mazer v. Sargent Electric Co.,* 407 Pa. 169, 180 A. 2d 63 (1962).

This Court has very definitely stated the criteria for opening a judgment of non pros.: "(1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused; and (3) that facts constituting grounds for a cause of action be alleged." *Thorn v. Clearfield Borough,* 420 Pa. 584, 586, 218 A. 2d.298, 299 (1966). In this same vein, we have stated: "A request to open a judgment of non pros. is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion. An appellate court may not reverse the lower court's ruling unless an abuse of discretion is clearly evident: Brigham v. Eglin's of Phila., 406 Pa. 99, 176 A. 2d 404 (1962)." *Mazer v. Sargent Electric Co.,* 407 Pa. 169, 171, 180 A. 2d 63, 64 (1962).

The sole reason assigned by appellee's counsel—accepted by the lower court—as justification for the delayed filing was the alleged inability of counsel to discuss the matter with the appellee since both the appellee and his wife "became emotionally upset when again confronted with a reminder of [their] daughter's death." However, a reading of the correspondence between counsel reveals that at no time was this difficulty ever mentioned. Furthermore, there is no medical or psychiatric evidence in the record supporting the otherwise bald allegation of appellee's counsel that appellee would be so distressed. Indeed, it is interesting to note that such difficulty did not hamper the filing of complaints against the individual physicians involved.

Analogous to the procedure here involved is a defendant's petition to open a default judgment. In connection therewith, we have held that although defendant's counsel may be involved in other matters, the existence of these obligations provides no excuse for opening the judgment *even though the client may be*

*severely prejudiced.* *Walters v. Harleysville Mutual Cas. Co.,* 417 Pa. 438, 207 A. 2d 852 (1965).

We are of the opinion that no reasonable explanation has been given for this inexcusable delay exceeding the bounds of generosity exhibited by appellant's counsel and that the lower court clearly abused its discretion.

Order reversed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.