443 A.2d 829

**Vernice SMITH, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY and James E. Foyle and Robert
Foyle, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1981.

Filed March 26, 1982.

Thomas D. Watkins, Philadelphia, for appellant.

Norman Hegge, Jr., Philadelphia, for Southeastern, appellee.

Jeffrey F. Swigart, Philadelphia, for Foyle, appellees.

Before BECK, WATKINS and HOFFMAN, JJ.

BECK, Judge:

This is an appeal from the denial of appellant's Petition to Reinstate her Cause of Action. The pertinent facts are as follows. Appellant was injured in a collision on July 25, 1972 between an automobile and a bus in which she was riding. She filed suit on July 31, 1973, and discovery was completed by November, 1974. On September 23, 1977 the action was dismissed pursuant to Philadelphia Local Star Rule .350.[1] Subsection 1 of that rule states:

> (1) Whenever in any civil action a Certificate of Readiness has not been filed and no proceedings have been docketed in the Prothonotary's Office for a period of two successive years, the action shall be dismissed with prejudice, for failure to prosecute, under the provisions of this rule, and the docket so marked, provided that no less than sixty days' notice be given by the publication once in *The Legal Intelligencer*.

Subsection 3 of that Rule provides that the action may be reinstated for good cause shown if written application is made within three months of dismissal.

Appellant's counsel filed a Certificate of Readiness and a Major Case Petition in March, 1980—more than five years after the completion of discovery. Both were rejected by the Prothonotary because the action had already been dismissed. On October 2, 1980, appellant filed a Petition to Reinstate the Cause of Action. The Court of Common Pleas denied that Petition. It held that appellant's late filing for reinstatement was excused because the Prothonotary failed to provide written notice of the dismissal as required by Pa.R.C.P. 236: "(t)he prothonotary shall immediately give written notice by ordinary mail of the entry of any order,

1. Philadelphia Rule *350 was replaced by Rule 130 of the Rules of Civil Procedure of the Court of Common Pleas of Philadelphia County.

decree or judgment. . ."[2] But it also held that appellant's failure to prosecute was not reasonably explained or excused and accordingly refused to reinstate the action.[3]

The lower court centrally relied upon *Corcoran v. Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759 (1980). That opinion held in part:

> Where notice that the case has been dismissed has not been given pursuant to Rule 236, however, the party seeking reinstatement may not learn of the dismissal until after the expiration of the three month period. We therefore conclude that the failure to give Rule 236 notice to plaintiffs in this case excuses their failure to file their application to reinstate within three months of dismissal.

*Id.*, 277 Pa.Super. at 260, 419 A.2d at 761.

But the second part of the *Corcoran* court's two pronged inquiry was the basis for the result reached by the trial court:

> Our inquiry now focuses upon whether "good cause" was shown for reinstating the action pursuant to Philadelphia Rule *350. The requirements for a showing of "good cause" are identical to those for the opening of a judgment of non pros: " '(1) the petition must be timely filed; (2) the reason for the default reasonably explained; and, (3) the facts constituting grounds for the cause of action be alleged.' " *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.*, 250 Pa.Super. 378, 382,

---

2. We note that *Stringer v. Kaytes*, 286 Pa.Super. 551, 429 A.2d 660 (1981) and *Corcoran v. Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759 (1980) held that Philadelphia Rule *350 and Pa.R.C.P. 236 do not conflict. The local rule does not mention that the Prothonotary must give notice after the action is dismissed. The *Stringer* court held that because Pa.R.C.P. 236 is a statewide rule of general application, its notice requirement is implicit in all rules of court authorizing "the entry of any order, decree or judgment." 286 Pa.Super. at 556, 429 A.2d at 662.

3. Appellant advanced clerical error as reason for the delay. Counsel represented appellant in two other cases, and the file in the instant case was closed with one of the other claims.

378 A.2d 986, 988 (1977) (quoting *Boyles v. Sullivan*, 230 Pa.Super. 453, 455, 326 A.2d 440, 442 (1974)).

*Id.*, 277 Pa.Super. at 260–261, 419 A.2d at 761.

The lower court concluded that laches such as in the instant case must be reasonably explained.. Mere confusion or consolidation of two cases involving the same client is not sufficient. *See International Telephone and Telegraph Corporation v. Philadelphia Electric Co.*, 250 Pa.Super. 378, 378 A.2d 986 (1977). We agree that the delay was not reasonably explained.

The order of the lower court denying reinstatement of appellant's cause of action is affirmed.