631 A.2d 677

Christi L. GATES, Appellant,

v.

SERVICEMASTER COMMERCIAL SERVICE, Appellee.

Superior Court of Pennsylvania.

Argued June 24, 1993.

Filed Sept. 28, 1993.

570

Girard Rickards, Harrisburg, for appellant.

Charles O. Beckley, III, Harrisburg, for appellee.

Before ROWLEY, President Judge, and TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

We are asked to review the appeal of an order of the Court of Common Pleas of Dauphin County granting a judgment of non pros against the plaintiff/appellant, Christi L. Gates.

■ It is well-settled law that the decision to grant a judgment of non pros rests within the discretion of the trial court, and the exercise of such discretion will not be disturbed on appeal absent proof of a manifest abuse thereof. *Pennridge Elec. v. Souderton School,* 419 Pa.Super. 201, 615 A.2d 95, 98 (1992). We have scrutinized the issues proffered by the appellant. We conclude that no manifest abuse of discretion has transpired here, and, accordingly, we affirm.

This case is governed by *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992):

> There [our Supreme Court] held that in order for a court to dismiss an action for lack of activity on the docket, it must be shown that (1) a party has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party, which will be presumed in all cases in which the delay is two years or longer. In cases where the delay was caused by bankruptcy, liquidation or other operation of law, or where the case was delayed awaiting significant developments in the law, there will be a per se determination that a compelling reason for the delay has occurred. Other compelling reasons may be determined on a case-by-case basis.

*Streidl v. Community General Hosp.,* 529 Pa. 360, 603 A.2d 1011, 1012 (1992).

The record discloses that the plaintiff filed a complaint on May 4, 1989, against the defendant/Servicemaster Commercial Service seeking damages (in excess of $2,000) for breach of an oral and written contract of employment entitling her, allegedly, to a 2% commission on her sales. She also alleged that, albeit an "at will" employee, the defendant wrongfully discharged her for having a child out of wedlock, all "contrary to the public interests of th[e] Commonwealth for employers to dismiss employees because of their status as a single parent." Paragraph 27. On this count, the plaintiff demanded judgment against the defendant in an amount exceeding $5,000.

The defendant filed an answer and new matter on June 26, 1989. A reply to new matter was submitted by the plaintiff on *July 19, 1989. The next activity we see in the record is a motion on April 14, 1992, for judgment of non pros by the defendant for want of prosecution.* Therein, it was averred that, since the July 19th reply to new matter by the plaintiff, [n]o further action occurred in the case until December 10, 1991, when Plaintiff served upon Defendant a Request for Production of Documents." Paragraph 4.

Further, the defendant asserted that the plaintiff had failed to prosecute her cause with reasonable diligence and without reasonable excuse for the delay, and that it was "prejudiced" because "memories" of the witnesses had diminished due to the delay and the business had been sold "making obtaining the appropriate records difficult." See also Memorandum in Support of Motion for Judgment of Non Pros at 4.

Therefore, the defendant sought a non pros under the tripartite test recited in *James Brothers Lumber Co. v. Union Banking & Trust of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968), which has been re-affirmed in *Penn Piping,* supra, save for the establishment of a per se rule of prejudice for a 2–year period or longer of *unexplained* docket inactivity. *Pennridge Elec.,* supra.

In response, the plaintiff filed a brief in opposition to the defendant's motion for non pros alleging that: (1) the statute of limitations had not run on her cause of action; and (2) the defendant had not demonstrated any prejudice as a result of the delay. In elaboration thereof, the plaintiff wrote in her brief at pages 4–6:

> The Plaintiff's Complaint alleges that she was fired by the Defendant on October 31, 1988. (Plaintiff's Complaint, paragraph 10). Because the Plaintiff's lawsuit arises from breaches of contract and wrongful discharge, the cause of action accrued on or about October 31, 1988. Although the count in wrongful discharge is a tort action with a two-year statute of limitations (42 Pa.C.S.A. § 5524), the other two remaining counts are in contract, with a four-year statute of

limitations (42 Pa.C.S.A. § 5525). Therefore, at least for the two contract counts, the statute of limitations will not have run on the Plaintiff's causes of action until October 31, 1992. This is significant because the Plaintiff could have waited until October of this year to file her lawsuit *ab initio*. She would certainly have been within her legal rights to do so. The Defendant alleges in its Brief that "the mere fact that the action is based on events occurring approximately three and one-half years ago and that no action was taken for at least two years is itself prejudicial." (See Defendant's Brief, page 4). However, the Legislature has determined that an action of contract may be brought up to four years after the cause of action accrues. Thus, the Legislature has made a decision that a period of three and one-half years is not prejudicial to the Defendant. In light of the statute of limitations on a contract action, the Defendant's claim of prejudice is simply untenable.

The Defendant also claims to be prejudiced in this action because the ownership of Servicemaster Commercial Service has changed over the past three years. The Defendant has attached an Affidavit to its Motion signed by Charles R. Gibson, Jr., in support of that allegation. The Affidavit indicates that Servicemaster Commercial Service was sold in 1991 and that the former owners have no relations or connection with the present owners. Notably, the Affidavit does not allege on what date in 1991 the ownership was transferred. Furthermore, the fact that the ownership was transferred in 1991 is not dispositive of the issue of whether or not any prejudice accrued to the Defendant. The Defendant had notice of this action at least since May 8, 1989, when the Complaint was served. If in the intervening time documents were lost or destroyed, that is not prejudice that resulted from the delay by the Plaintiff, but the lack of proper security over those documents by the Defendant.

Initially, October 26, 1992, was set to consider the defendant's motion for judgment of non pros. Thereafter, the

hearing was rescheduled for November 25, 1992.[1] At the November 25th hearing, the plaintiff presented no witness(es), believing that the burden of proof was on the defendant to establish prejudice in the delay of the case, and admitted that she had "no explanation for failing to proceed diligently after the last pleading which was ... a reply to New Matter[.]" Trial Court Opinion at 7.

As a result of the plaintiff's inability to rebut *Penn Piping's* presumption of prejudice in a case delayed 2 years or longer, the court granted the defendant's motion for judgment of non pros. A petition to open the judgment of non pros was filed and denied by order dated February 8, 1993. This appeal followed and raises 6 issues for our consideration:

A. DID THE TRIAL COURT ABUSE ITS DISCRETION BY GRANTING A JUDGMENT OF NON PROS AGAINST THE PLAINTIFF, WHEN AT THE TIME THE MOTION WAS FILED, THE STATUTE OF LIMITATIONS HAD NOT YET EXPIRED ON THE PLAINTIFF'S CLAIMS?

B. DID THE TRIAL COURT ABUSE ITS DISCRETION BY GRANTING A JUDGMENT OF NON PROS WHILE THERE WAS AN OUTSTANDING MOTION TO COMPEL THE DEFENDANT TO RESPOND TO THE PLAINTIFF'S DISCOVERY REQUESTS?

C. DID THE TRIAL COURT ERR IN HOLDING THAT THE DEFENDANT DID NOT WAIVE ITS RIGHT TO FURTHER CONSIDERATION OF ITS MOTION BY FAILING TO APPEAR AT ARGUMENT COURT?

D. DID THE TRIAL COURT ABUSE ITS DISCRETION BY GRANTING A JUDGMENT OF NON PROS IN SPITE OF THE FACT THAT THE PLAINTIFF HAD COMPLIED WITH DAUPHIN COUNTY LOCAL RULE 1901 REGARDING THE DISMISSAL OF INACTIVE MATTERS?

1. In the interim, a judge other than the one hearing the motion for judgment of non pros granted the plaintiff's motion to compel discovery on November 16, 1992, against the defendant. It was not complied with.

E. DID THE TRIAL COURT ABUSE ITS DISCRE-
TION BY SETTING A HEARING ON THE DEFEN-
DANT'S MOTION FOR JUDGMENT OF NON PROS
WHEN NEITHER PARTY REQUESTED SAID
HEARING AND THE COURT GAVE NO REASON
FOR THE HEARING IN ADVANCE.

F. DID THE TRIAL COURT ABUSE ITS DISCRE-
TION BY REFUSING TO CONTINUE THE HEAR-
ING UNTIL THE DEFENDANT WAS REQUIRED
TO RESPOND TO THE PLAINTIFF'S PENDING
DISCOVERY REQUESTS?

Appellant's Brief at 2.

■ We have examined each of the plaintiff's claims and find them all to be meritless in the face of the first two prongs of *Penn Piping* test being satisfied, i.e., lack of due diligence in failing to proceed with reasonable promptitude and *no compelling reason for the delay*. Moreover, the delay from the date of the reply to new matter filed by the plaintiff (July 19, 1989) and the next activity on the docket being the defendant's motion for judgment of non pros (April 14, 1992), we have a period of inactivity of over 2 years *without explanation by the plaintiff*. See Trial Court Opinion at 7. And, the *subsequently* filed motion to compel discovery by the plaintiff on November 15, 1992, did not break the continuity of unexplained docket inactivity, and, therefore, does not implicate the compelling reasons set forth in *Penn Piping*, supra, to excuse the delay. See *Streidl*, supra. Nor do we find the plaintiff's December 10, 1991, request for discovery of such a compelling nature as to fall within the list set forth in *Penn Piping*, supra, to excuse inactivity in a case and lift the onus from the shoulders of the plaintiff to establish a reasonable excuse for delay.

■ Additionally, we wish to elaborate on the lower court's denial of the plaintiff's petition to open judgment of non pros despite the fact that the statute of limitations (4 years) had not yet expired on the breach of contract claim at the time the

Motion For Judgment Of Non Pros For Want Of Prosecution was filed.

We begin our discussion with a review of *Bucci et al. v. Detroit Fire & Marine Ins. Co.,* 109 Pa.Super. 167, 167 A. 425 (1933), wherein an action upon a contract of insurance for loss by fire was instituted on April 28, 1931, by writ of summons. The plaintiffs failed to comply with a local rule of court requiring that a "statement of claim" be filed within a specified time period. As a result, a judgment of non pros was entered on June 29, 1931.

However, with the plaintiffs' payment of costs on December 28, 1931, a summons was issued on the same contract of insurance. The defendant insurance company filed a petition to set aside the summons on the ground that the plaintiffs' second suit was precluded because their initial cause of action had been non prossed. In response, the plaintiffs averred, *inter alia,* that the one year statute of limitations to bring suit on a contract action had not yet expired and the costs of the initial suit had been paid.

On appeal from the order striking the plaintiffs' second suit, we characterized the lower court's order as "in effect holding that the judgment of non pros was a bar to any other proceeding in spite of the fact that the statute of limitations had not expired." 167 A. at 426. In the process of reversing the lower court's order striking the judgment of non pros, we wrote:

> ... the legal effect of the term "non pros." ... [is a]n abbreviation of non prosequitur, he does not pursue. *Where the plaintiff, at any stage of the proceedings, fails to prosecute his action, or any part of it, in due time, the defendant enters non prosequitur, and signs final judgment, and obtains costs against the plaintiff, who is said to be non pros'd.* The name non pros. is applied to the judgment so rendered against the plaintiff.
>
>     *      *      *      *      *      *
>
> The effect of a judgment of non pros. seems to have been well recognized by the profession as we find a dearth of

decisions. In the case of *Vought v. Sober*, 73 Pa. 49, 51 [ (1873) ], the court held that a judgment of nonsuit rendered by a justice of the peace is no bar to a suit upon the same cause of action and that its only effect was to put an end to the action without concluding the rights of the parties.

In a well-considered opinion by Judge Staake, in the case of *Derrickson v. Colonial Trust Co.*, 35 Pa.Co.Ct.R. 522, and in 17 Pa.Dist.R. 80, interpreting the effect of the judgment of non pros. upon a rule of court of the county of Philadelphia similar to the rule in question, except that the period was twelve months [instead of sixty days], the court held as follows: "Where after the issuance of the writ of summons no statement is filed by the plaintiff within twelve months of a judgment of non pros. has been entered by the prothonotary under Rule 28, the plaintiff may, nevertheless, after paying all the costs of the previous proceedings, commence a new suit for the same cause of action at any time which is not beyond the period allowed by the statute of limitations for the bringing of suits for the injury alleged." *The effect of a judgment of non pros. has usually arisen in cases where the judgment has been entered after the statute of limitations has expired, which is not the present situation.* In the case of *Kulp v. Lehigh Valley Transit Co.*, 81 Pa.Super.Ct. 296 [ (1923) ], cited at length in the opinion of the court below, where a judgment of non pros. was entered under a rule of court that unless a statement of plaintiff's cause of action was filed within one year after the issuance of the writ, a judgment of non pros. should be entered by the defendant. The writ was issued on January 10, 1919, for an injury suffered on July 4, 1918, while riding as a guest in an automobile which was struck and wrecked by an electric car of the defendant company. No statement having been filed, judgement of non pros. was entered January 14, 1920. The attorneys for the plaintiff on the 19th day of January, 1920, presented their petition to the court to take off the judgment of non pros. After hearing, the court struck off the judgment of non pros. upon payment of costs,

and the Superior Court held that such action was a proper exercise of its discretion. On page 299 of the opinion, the court said, "after the judgment of non pros. was entered, the plaintiff could have paid the costs and brought a new action." That a judgment of non pros. is not a bar to a subsequent action is further supported by the case of *Murphy v. Taylor*, 63 Pa.Super.Ct. 85[ (1916) ], and cases therein cited. "Where after a nonsuit [non pros.] has been entered the plaintiff brings a second action against the same defendant for the same cause, *within a reasonable time*, the court will stay the proceedings until the costs of the first suit are paid; but the proceedings will not be quashed."

*Appellants, by the failure of counsel to file their statement, suffered the penalty of having that particular action non pros'd, which could only be set aside by an order of court, but the legal effect of the non pros. could not prevent the entry of a suit for the same cause of action within the statute of limitations.* We do not agree with the court below that to hold otherwise would annul and render useless the rule of court. The penalty suffered by the plaintiffs is the delay in the trial of their cause and the payment of costs incurred, yet if the statute of limitations has not expired the non pros. of the first action cannot prevent the institution of the second suit.

167 A. at 426, 427–28 (Citations omitted; emphasis added). Accord *Gordon–Stuart Ltd. v. Allen Shops, Inc.*, 239 Pa.Super. 35, 361 A.2d 770, 771 (1976).

At first blush, it would appear that *Bucci*, supra, stands for the proposition that, if a statute of limitations has not run, a plaintiff's cause of action being non prossed does not preclude a second suit upon the identical cause of action, provided that the costs incurred in the prior lawsuit have been paid by the plaintiff.

However, a close scrutiny of *Bucci* and its progeny discloses a caveat to filing a second suit on the same cause of action for which a non pros has been entered, i.e., one must still petition the court and satisfy the three-pronged test to open a judgment of non pros: petition to open must be filed timely; *a*

*reasonable explanation for the delay must be given;* and allegations constituting a meritorious cause of action need to be proffered. As we stated in *Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank & Trust Co.,* 298 Pa.Super. 454, 444 A.2d 1272, 1273 (1982), on this exact point:

> Whether the party requests that the original case be reinstated or requests permission to start the same cause of action under a new term and number is evidently not material. What is important is that he shall have cogent reasons for his inactivity, and that the *court* shall determine whether permission to proceed will be forthcoming. [Emphasis in original]

At bar, we have a unique procedural posture in that *prior* to granting the defendant's judgment of non pros, the plaintiff was accorded the opportunity to proffer in court a reason to forestall the entry of non pros for her 2½–year period of inactivity in the case. She was able to provide *no* reason, let alone a cogent one, for the lack of docket activity during the time in question.

The fact that the statute of limitations had not yet run on the plaintiff's breach of contract claim at the time the defendant's motion for judgment of non pros was filed is of no moment. The main concern in an action seeking the entry of a judgment of non pros "is simply a dismissal for want of diligent prosecution." See *Gordon–Stuart Ltd.,* supra. Under *Bucci,* supra, a non pros may be entered "at any stage of the proceedings."

The statute of limitations comes into play only in the sense that, if it has not run on the particular cause of action, the plaintiff may seek a reinstatement of the suit with the payment of costs *and* satisfaction of the tripartite test for opening judgment of non pros. *Mazer v. Sargent Electric Co.,* 407 Pa. 169, 180 A.2d 63 (1962); *Bon Homme Richard Restaurants, Inc.,* supra; *Smith v. Southeastern Pennsylvania Transportation Authority,* 297 Pa.Super. 267, 443 A.2d 829 (1982); *Commonwealth v. Bailey,* 278 Pa.Super. 51, 419 A.2d 1351, 1352 (1980); *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d

759 (1980); *Public Welfare v. Flowers,* 46 Pa.Cmwlth. 326, 407 A.2d 896, 897 n. 2 (1979); *Thompson v. Cortese,* 41 Pa.Cmwlth. 174, 398 A.2d 1079, 1082 (1979); *cf. Brigham v. Eglin's of Philadelphia, Inc.,* 406 Pa. 99, 176 A.2d 404 (1962) (*Personal injury accident occurred May, 1958;* suit instituted by writ of summons July, 1958; defendant ruled plaintiff to file a complaint August, 1958; plaintiff never filed a complaint; *non pros entered December, 1958;* petition to remove non pros filed December, 1960; and petition to open denied on grounds that plaintiff *did not act with reasonable promptness* and there was an absence of compelling equities).

From our assiduous review of the law, we find that, where a judgment of non pros has been granted while a statute of limitations for the cause sued upon has not yet expired, the plaintiff may obtain reinstatement of his/her suit by satisfying *each* prong of the tripartite test cited supra *and* paying the costs in the earlier action. *Id.*

Instantly, the plaintiff's failure to present any reason for the over 2–year delay (docket inactivity) in moving the suit forward runs counter to the per se rule of prejudice adopted by our Supreme Court in *Penn Piping,* supra, for *unexplained* docket inactivity for two years or more. See *Pennridge Elec.,* supra; see also *Flowers,* supra; *Thompson,* supra.

If the plaintiff had presented a reasonable excuse for her failure to act over two years in moving her suit along the adjudicatory system, under *Penn Piping,* supra, and *Bucci,* supra, the defendant's motion for judgment of non pros would not have been granted. Absent such a response to the court's query below, (which void has not been explained on appeal) as to her reason(s) for inactivity, we will not overrule the court's refusal to find merit to the plaintiff's statute of limitations argument as a ground for granting her petition to open judgment of non pros.

Next, we find that the trial court's opinion to be an adequate response to the plaintiff's appellate claims cited

supra at "B", "D", "E" & "F".[2] As for the point asserted under "C" of the plaintiff's allegations, since she had the

**2.** Specifically, as for points "B" and "F", the court below observed that the plaintiff's discovery motion was filed *subsequent* to the motion for judgment of non pros "and while action on same was pending." Therefore, assessment of the motion for judgment of non pros took precedence and stayed any action on the discovery motion until the non pros question was resolved.

What purpose would be served by permitting discovery to occur when a motion for judgment of non pros might be granted and bring a close to the case? None, we believe. Thus, the court acted properly in not permitting discovery to continue in the face of an outstanding motion for judgment of non pros.

As for the plaintiff's point "D", that she was entitled "to rely upon the procedure established in Dauphin County Local Rule 1901 as being the sole method of dismissing a case for being inactive for a period of time," the court below remarked that Local Rule 1901 (known as the "purge rule") was a "case management tool" employed *by the court* to dismiss cases inactive for 2 years or more. Nonetheless, the court found and we agree, Local Rule 1901 did not preclude individual litigants to a suit from asserting their common law right to a reasonably prompt conclusion to a case. Consequently, the presumption afforded by *Penn Piping*, supra, was not superseded by Local Rule 1901's method for dismissing inactive cases:

Pursuant to Dauphin County Local Rule 1901, objections to the dismissal of inactive matters is to be *argued at a call of the list*. It is the local custom that only the attorneys for the parties are present at the call of the "Purge List".

Appellant's Brief at 15–16 (Emphasis added). It would appear that the plaintiff's complaint focuses upon denying her counsel the ability *to argue at the call of the list*, as is provided for by Local Rule 1901. We would hold that such a format (*to* argue against dismissal of a case inactive for over 2 years) was provided to the plaintiff, albeit in the context of a hearing *where both witnesses and oral argument could be presented*. Accordingly, we fail to discern the logic in the plaintiff's argument whereby, in essence, she was accorded more of an opportunity to argue against dismissal of her suit at a formal hearing than would have been allowed under Local Rule 1901.

Lastly, plaintiff's point "E" contends that it was error for the court to set a hearing to resolve the defendant's motion for judgment of non pros without the request for the same by either party. As the court noted, the hearing was scheduled for the benefit of the plaintiff to avail her the occasion to rebut *Penn Piping's* presumption of prejudice for cases inactive for 2 years or longer. To have decided the case upon the pleadings alone would have been improper, given that the plaintiff's opportunity to provide reasons for the inactivity would have been foreclosed. Accordingly, a hearing was to the plaintiff's advantage to afford her the occasion to give a reasonable excuse for her inactivity. The fact that she was not able to give reasons for her failure to prosecute does not detract from the propriety of scheduling a hearing, albeit *sua sponte*, by the court.

burden of proof at the hearing on November 25, 1992, to resolve the defendant's motion for judgment of non pros, she had the obligation to establish her justification for the court not entering a non pros. The absence of the defendant, albeit unbecoming a barrister, did not deflect from the objective of the hearing: For the plaintiff to establish justification for the undue delay (of over 2 years) in prosecuting the case.[3]

For the reasons hereinstated, finding no merit to any of the plaintiff's contentions, we affirm.

Order affirmed.

---

**3.** Analogous to the case at bar is a defendant's appeal from a summary conviction before a District Justice to Common Pleas Court for a trial *de novo*. Even though the defendant may not appear at the de novo hearing, the Commonwealth still has the burden of going forward with the evidence of proving the defendant guilty of the crime(s) charged. Likewise, although *the defendant absented itself from the November 25th hearing, the plaintiff had the burden of rebutting the presumption of prejudice for delaying the case for longer than 2 years. Penn Piping,* supra. Her failure to do so undermined her case and not the absence of the defendant.