## Helfrick v. UPMC Shadyside Hospital

C.P. of Allegheny County, no. GD03-010082.

*Richard T. Haft* and *Patrick J. Loughren,* for plaintiff.

*Eugene A. Giotto,* for defendants UPMC Shadyside Hosp., UPMC Rehab. Hosp., Heartland Health Care Center, Health Care and Retirement Corp., Ismail-Breigi and Chu.
*Jeanne Welch Sopher,* for defendants Skura and Mieckowski.
*Giles J. Gaca* and *Alan S. Baum,* for defendants Weber, Casey and Levy.
*Lynn E. Bell,* for defendant Hall.
*Robert J. Pfaff* and *Suzanne Oppman,* for defendant Levenson.

WETTICK, *J.,* October 7, 2003—This opinion and order of court addresses two issues: (1) whether a court may open a judgment of non pros for failure to file a certificate of merit entered on the 62nd day following the filing of the complaint only if the plaintiff can meet the three-prong test of Pa.R.C.P. 3051; and (2) does the entry of a judgment of non pros for failure to file a cer-

tificate of merit preclude the plaintiff from bringing a second lawsuit on the same causes of action if the statute of limitations has not run.

## I.

Pa.R.C.P. 1042.3(a) provides that in an action based on allegations that a licensed professional deviated from the acceptable professional standard, the attorney for the plaintiff shall file with the complaint or within 60 days after the filing of the complaint a certificate of merit signed by the attorney. Pa.R.C.P. 1042.6(a) provides that the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided there is no pending timely filed motion seeking to extend the time to file the certificate.

Plaintiff's complaint was filed on May 29, 2003, raising professional negligence claims against 15 healthcare providers. The 60th day from the filing of the complaint was July 28, 2003. Judgments of non pros were entered on behalf of most defendants, pursuant to praecipes filed by defendants' counsel, on July 30 and July 31, 2003.[1]

Relief from a judgment of non pros is governed by Rule 3051 which provides that if the relief sought from a judgment of non pros includes the opening of the judg-

---

1. In a separate opinion entered in these proceedings on September 29, 2003, I struck a judgment of non pros dismissing plaintiff's complaint as to Dr. Levenson. This judgment was entered after plaintiff filed beyond the 60th day a certificate of merit as to Dr. Levenson. I ruled that a judgment of non pros may not be entered if the certificate of merit is filed prior to the filing of the praecipe for the entry of a judgment of non pros.

ment, the petition shall allege facts showing (1) the petition is timely filed, (2) there is a reasonable explanation or a legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action. The explanatory comment—1991 to this rule states that this rule "will apply in all cases in which relief from a judgment of non pros is sought, whether the judgment has been entered by praecipe as of right or by the court following a hearing." The comment further states that this rule "provides for uniformity in the requirements of the petition to open such a judgment."

Plaintiff's petition does not set forth a reasonable explanation or legitimate excuse for the inactivity (the inactivity being the failure of plaintiff's counsel to file within the 60-day period a certificate of merit or a motion to extend the time for filing the certificate). This will be so in almost every case in which a judgment of non pros is entered for failure to file a certificate of merit. The plaintiff who has a reasonable explanation or legitimate excuse for not being able to timely file a certificate of merit may, instead, file a motion to extend the time for filing the certificate on or before the filing date that the plaintiff seeks to extend. The filing of the motion to extend tolls the time period within which a certificate of merit must be filed until the court rules on the motion. Consequently, an explanation for the inactivity requires an explanation as to why the plaintiff did not within the 60-day period file a motion to extend the time for filing the certificate of merit.

Plaintiff contends that the judgments should be opened because the attorneys for defendants "ran to court" to enter judgments two days after the 60-day time limit

expired. The attorneys for defendants never contacted plaintiff's counsel to ascertain whether plaintiff had an expert before obtaining their judgments.

This contention is without merit because there is no requirement in the Rules of Civil Procedure for a defendant to give notice to the plaintiff's counsel before filing a praecipe for the entry of a judgment of non pros for failure to file a certificate of merit. The provisions of Pa.R.C.P. 237.1, which require a defendant to give notice of its intention to file a praecipe for the entry of a judgment of non pros, do not apply. Rule 237.1(a)(1) provides that, as used in this rule, judgment of non pros "means a judgment entered by praecipe pursuant to Rules 1037(a) and 1659." Thus, Rule 237.1 does not apply to a judgment of non pros entered pursuant to Rule 1042.6 for failure to file a certificate of merit. Furthermore, a note to Rule 1042.6 states that "Rule 237.1 does not apply to a judgment of non pros entered under this rule."

Plaintiff also relies on Pa.R.C.P. 126 which provides that the court at any stage of any action may disregard any error or defective procedure which does not affect the substantial rights of the parties. However, Rule 126 cannot be used to rewrite Rules of Civil Procedure.

If a court were to apply Rule 126 to a petition to open a judgment of non pros for failure to file a certificate of merit unless the defendant can show prejudice, the petition would almost always be granted. Defendants are not going to be able to show that they were prejudiced by the late filing of a certificate of merit regardless of whether the delay involves 10 days, 30 days, or 90 days. Consequently, the use of a prejudice standard would eliminate the rule's deadlines for filing certificates of

merits. If, on the other hand, the court were to apply Rule 126, using a cause-shown standard, the plaintiff would be no better off than if the court looked only to Rule 3051 which allows relief where there is a reasonable explanation or legitimate excuse for the inactivity.

If trial judges wish to provide relief where there has been a judgment entered shortly after the 60th day and the petition to open is promptly filed, each judge will be creating a new deadline based on that judge's view of what is fair. One judge may decide to open the judgment whenever the petition, along with a certificate of merit, is filed within seven days of the entry of the judgment of non pros; another may use a 10-day standard. These deadlines would have nothing to do with the language within Rules 1042.6 and 3051. Trial judges would be creating a second safety net (the first being the timely filed motion to extend the time for filing the certificate provided for in Rule 1042.3(d)) where the rules do not do so. This is not a proper application of Rule 126.

Plaintiff also argues that since his petition to open was filed within 10 days of the entry of the judgment of non pros and since he attached certificates of merit to the petition, his petition to open is governed by Pa.R.C.P. 237.3. This rule provides for a court to open a judgment of non pros where the petition is filed within 10 days after entry of the judgment if the petitioner has attached a verified copy of a complaint that states a cause of action. This argument is without merit because Rule 237.3 states that it applies to a petition for relief from a judgment entered pursuant to Rule 237.1 and, as I have previously discussed, Rule 237.1 only applies to judgments of non pros entered pursuant to Rules 1037(a) and 1659.

Plaintiff contends that Rule 237.3 applies because a note to Rule 1042.6 states only that "Rule 237.1 does not apply to a judgment of non pros entered under this rule." According to plaintiff, it is significant that the note does not also say that Rule 237.3 does not apply. This contention is without merit for several reasons.

First, Rule 237.3 states that it applies only to a judgment of non pros entered pursuant to Rule 237.1. Thus, a note to Rule 1042.6 which says that Rule 237.1 does not apply to judgments entered pursuant to Rule 1042.6 includes other rules that refer to Rule 237.1.

Second, while Rule 1042.6 refers to the entry of a judgment of non pros, none of the rules governing certificates of merit (*i.e.*, Rules 1042.1-1042.8) refer to the opening of a judgment of non pros entered pursuant to Rule 1042.6. There would be no reason for rules that do not refer to the opening of a judgment of non pros to include a note referring to a rule governing the opening of a judgment of non pros that, on its face, does not apply to judgments entered pursuant to Rule 1042.6.

Third, it is clear from the language of Rule 237.1 et seq. that the entire rule applies only to judgments of non pros entered pursuant to Rules 1037(a) and 1659. This is reinforced by a note to Rule 1042.6, the purpose of which is to make it clear that the defendant does not need to provide a notice of intention to file a praecipe for the entry of judgment of non pros. If the Supreme Court had intended for Rule 237.3 to apply to judgments of non pros that do not come within the definition of judgments of non pros covered by Rule 237.1 et seq., it would not have expressed its intention solely by including a note to Rule 1042.6 which never mentioned Rule 237.3.

Plaintiff's final argument relates only to defendants who had not been served at the time counsel for these defendants filed praecipes for the entry of judgments of non pros for failure to file a certificate of merit. Plaintiff's counsel contends that a judgment of non pros may not be entered against a party that has not been served.

I disagree. The rules make no reference to service. Rule 1042.3 requires a certificate of merit to be filed within 60 days after the filing of the complaint.

For these reasons, I am denying plaintiff's petition to open judgments of non pros entered prior to the untimely filing of certificates of merit.

## II.

In his petition to open, plaintiff alleges that the statute of limitations has not run. The petition seeks a court order permitting the refiling of the complaint in a second lawsuit instituted prior to the expiration of the statute of limitations. While this is not relief that may be provided in response to a petition to open a judgment of non pros, all parties requested that I address this issue at this time.[2]

The dismissal of plaintiff's complaint for failure to file a certificate of merit within the required time is not a ruling on the merits. This requirement of filing a cer-

---

2. A second complaint has been filed. Defendants will be filing a request to dismiss the new lawsuit based on my denial of plaintiff's petition to open the judgments of non pros entered in this lawsuit. I will assume responsibility for the new lawsuit, at least until the lawsuit is ready to be tried. Obviously, my ruling in the new lawsuit will follow the ruling that I am making in these proceedings. The ruling in the new lawsuit will create an order that can at some time be challenged in the appellate courts.

tificate of merit with the complaint or within 60 days thereafter is similar to the requirement of filing a complaint in an action commenced through the filing of a praecipe for a writ of summons. This is a step that the plaintiff must take before the merits of the plaintiff's claims will be addressed. See *e.g.,* Pa.R.C.P. 1042.4 which provides that where the certificate is not attached to the complaint, the defendant is not required to file a responsive pleading until service of the certificate of merit.

Case law provides that a non pros entered against a plaintiff for failure to file a complaint pursuant to Pa.R.C.P. 1037 does not bar a second action. See 3 Goodrich-Amram 2d §1037(a):7 (footnotes omitted):

*"Section 1037(a):7 Effect of non pros upon right to bring second action*

"A non pros against a plaintiff is not res judicata, and thus does not bar the plaintiff from commencing another action upon the same cause of action, provided the statute of limitations has not expired, and that the costs of the non prossed action have been paid."

In *Bucci v. Detroit Fire & Marine Insurance Co.,* 109 Pa. Super. 167, 167 A. 425 (1933), a fire which destroyed the plaintiffs' property occurred on April 16, 1930; the plaintiffs instituted this lawsuit through a writ of summons filed on October 28, 1931; no statement of claim was filed within 60 days as required by a rule of court; a judgment of non pros was not entered until January 12, 1932, for the plaintiffs' failure to file a statement of claim. The plaintiffs had paid the costs and instituted a second lawsuit on December 28, 1931.

The lower court dismissed the second lawsuit on the ground that the plaintiffs were seeking to revive an action in direct violation of the purpose and intent of the rule of court requiring the filing of a statement of claim within 60 days after the institution of the action. The Superior Court reversed.

The Superior Court stated "the legal effect of the non pros could not prevent the entry of a suit for the same cause of action within the statute of limitations." *Id.* at 174, 167 A. at 427-28. The court disagreed with the trial court's ruling that to hold otherwise would annul and render useless the rule of court requiring the filing of a statement of claim within 60 days. "The penalty suffered by the plaintiffs is the delay in the trial of their cause and the payment of costs incurred, yet if the statute of limitations has not expired the non pros of the first action cannot prevent the institution of the second suit." *Id.* at 174, 167 A. at 428.

In reaching this decision, the court relied on the following language in the case of *Murphy v. Taylor,* 63 Pa. Super. 85 (1916):

"Where after a nonsuit [non pros] has been entered the plaintiff brings a second action against the same defendant for the same cause, within a reasonable time, the court will stay the proceedings until the costs of the first suit are paid; but the proceedings will not be quashed." *Bucci,* 109 Pa. Super. at 174, 167 A. at 427.

In *Gordon-Stuart Ltd. v. Allen Shops Inc.,* 239 Pa. Super. 35, 361 A.2d 770 (1976), the plaintiffs filed a complaint naming Frantz as one of several defendants. Frantz filed preliminary objections seeking a more specific complaint. The lower court sustained the preliminary objec-

tions on March 25, 1974, and ordered the plaintiff to file a more specific complaint within 20 days. The plaintiff failed to do so. On October 4, 1974, Franz caused a judgment of non pros to be entered against the plaintiffs.

The plaintiffs did not take any action to have the non pros removed. However, on December 24, 1974, they commenced a second action identical to the original action. Frantz filed preliminary objections which included a motion to strike the complaint based on the previous judgment of non pros. The trial court granted the motion. The Superior Court reversed.

The Superior Court ruled that a judgment of non pros was simply a dismissal for want of diligent prosecution and not a judgment on the merits. Thus, the judgment did not preclude the plaintiffs from commencing a second action on the same cause, provided that the statute of limitations had not expired and the plaintiffs had made payment of costs of the former suit:

"Our opinion in *Bucci* was predicated on the fact that a judgment of non pros is simply a dismissal for want of diligent prosecution and is not a judgment on the merits. In either instance, that is, where the plaintiff is non-prossed for neglecting to file a seasonable complaint, or failing to file an amended pleading, the judgment for the defendant is not on the merits and does not preclude the plaintiff from commencing another suit on the same cause of action, provided that the statute of limitations has not expired and the plaintiff has made payment for the costs of the former suit." 239 Pa. Super. at 38-39, 361 A.2d at 772. (footnote omitted)

In *Bon Homme Richard Restaurants Inc. v. Three Rivers Bank and Trust Co.,* 298 Pa. Super. 454, 444 A.2d

1272 (1982), the first lawsuit was dismissed pursuant to a local rule providing for termination of cases in which there has been inactivity for a period of at least two years. This local rule was adopted to implement Pa.R.J.A. 1901 which directed each common pleas court to adopt local rules dismissing stale claims. The plaintiff did not petition to reinstate the case.[3]

Thereafter, the plaintiff filed a second lawsuit raising the claims raised in the prior lawsuit. The defendant filed preliminary objections seeking dismissal by virtue of the court order granting the motion to strike entered in the previous proceedings.

The Superior Court affirmed the ruling of the trial court dismissing this second action. The court stated that to allow a second action would make a mockery of the judicial policy that Judicial Administration Rule 1901 was designed to serve.

In *Haefner v. Sprague,* 343 Pa. Super. 342, 494 A.2d 1115 (1985), the plaintiff commenced a legal malpractice action by summons. He was thereafter served with a rule to file a complaint within 20 days. He failed to do so. The defendants filed a praecipe to enter a judgment of non pros. The plaintiff filed a petition to open which was subsequently denied.

The plaintiff commenced a second action. The defendants filed preliminary objections seeking dismissal

---

3. Under Pennsylvania case law (*International Telephone and Telegraph Corporation v. Philadelphia Electric Co.,* 250 Pa. Super. 378, 378 A.2d 986 (1977)), a case dismissed for inactivity of record may not be reinstated unless the petition to reinstate is timely filed, there is a reasonable explanation or legitimate excuse for the default, and facts constituting a meritorious cause of action are alleged.

based on the entry of the judgment of non pros in the initial action; they relied on *Bon Homme Richard Restaurants Inc.*

In *Haefner,* the Superior Court stated that *Bon Homme* did not apply because "local rules enacted pursuant to Rule 1901 are intended to reach cases inactive for an unreasonable length of time, and may only be dismissed after reasonable notice." 343 Pa. Super. at 346, 494 A.2d at 1117. The court ruled that the impact of a judgment of non pros entered for failure to file a complaint is governed by the line of cases which follow the reasoning of *Bucci v. Detroit Fire & Marine Insurance Co. Inc.,* cited in *Gordon-Stuart:*

"The legal effect of the entry of a judgment of non pros is not such as to preclude a plaintiff who suffers such a judgment from instituting another suit on the same cause of action provided, however, that the second suit is brought within the period of the statute of limitations." 343 Pa. Super. at 347, 494 A.2d at 1118. (citations omitted)

In *Hatchigian v. Koch,* 381 Pa. Super. 377, 553 A.2d 1018 (1989), the defendants filed an appeal from a district justice judgment and ruled the plaintiff to file a complaint within 20 days pursuant to Pa.R.C.P.D.J. 1004(B). Upon failure to do so, the defendants obtained a judgment of non pros. Thereafter, the trial court denied the plaintiff's motion to set aside the judgment.

Plaintiff instituted a second action raising the same claim. The trial court granted the defendants' motion for summary judgment based on the ground that a second action could not be instituted. The Superior Court reversed:

"It is settled law that where plaintiff has suffered a judgment of non pros, he may later commence a new action between the selfsame parties and alleging the selfsame cause of action so long as the second action is commenced within the applicable statute of limitations. . . . Since a non pros is not a judgment on the merits, it cannot have res judicata effect. . . .

"Application of this principle to the instant matter compels us to hold that Hatchigian's present common pleas court action is not barred by the principle of res judicata. We are further persuaded that our resolution is correct because if we were to hold that Hatchigian did not maintain the right to commence his new action throughout the remaining period of the statute of limitations, we would effectively abbreviate his limitations period. The entry of the non pros would place the plaintiff in the same position as if the statute of limitations had run. In contrast a plaintiff who had originally filed a suit in common pleas and been non prossed could still file an identical new action until the limitations period had expired." *Id.* at 381, 553 A.2d at 1020. (citations omitted)

Defendants contend that the case law no longer differentiates between a judgment of non pros entered for failure to comply with pleading requirements and a judgment of non pros entered because the claim is stale. According to defendants, the case law now provides that an unopened judgment of non pros bars a second lawsuit even if the statute of limitations has not run. Defendants rely on two cases: *Gates v. Servicemaster Commercial Service,* 428 Pa. Super. 568, 631 A.2d 677 (1993), and *Schuylkill Navy v. Langbord,* 728 A.2d 964 (Pa. Super. 1999).

In *Gates,* a non pros was entered following two years of inactivity pursuant to *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). The court's ruling that the plaintiff would not be permitted to bring a second action even if the statute of limitations had not run is consistent with the case law governing a dismissal of stale claims pursuant to a local rule implementing Judicial Administration Rule 1901. Since a dismissal under *Penn Piping* required a finding of prejudice (which was presumed where there was inactivity for at least two years),[4] case law would not allow a second lawsuit against a party who obtained dismissal of the first action by establishing prejudice.

However, the *Gates* opinion contains the following dicta:

"The statute of limitations comes into play only in the sense that, if it has not run on the particular cause of action, the plaintiff may seek a reinstatement of the suit with the payment of costs *and* satisfaction of the tripartite test for opening judgment of non pros. *Mazer v. Sargent Electric Co.,* 407 Pa. 169, 180 A.2d 63 (1962); *Bon Homme Richard Restaurants Inc., supra; Smith v. SEPTA,* 297 Pa. Super. 267, 443 A.2d 829 (1982); *Commonwealth v. Bailey,* 278 Pa. Super. 51, 419 A.2d 1351, 1352 (1980); *Corcoran v. Fiorentino,* 277 Pa. Super. 256, 419 A.2d 759 (1980); *Public Welfare v. Flowers,* 46 Pa. Commw. 326, 407 A.2d 896, 897 n.2 (1979); *Thompson v. Cortese,* 41 Pa. Commw. 174, 398 A.2d 1079, 1082 (1979); cf. *Brigham v. Elgin's of Philadelphia Inc.,* 406

---

4. The presumption of prejudice following two years of inactivity is no longer the law in Pennsylvania. *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998).

Pa. 99, 176 A.2d 404 (1962) (*Personal injury accident occurred May 1958;* suit instituted by writ of summons July 1958; defendant ruled plaintiff to file a complaint August 1958; plaintiff never filed a complaint; *non pros entered December 1958;* petition to remove non pros filed December 1960; and petition to open denied on grounds that plaintiff *did not act with reasonable promptness* and there was an absence of compelling equities)." 428 Pa. Super. at 579-80, 631 A.2d at 682-83. (emphasis in original)

None of the cases cited in *Gates* support the proposition that the plaintiff must obtain reinstatement of the initial suit where the non pros is based on the plaintiff's failure to comply with the pleading requirements.

*Mazer v. Sargent Electric Co.,* 407 Pa. 169, 180 A.2d 63 (1962), involved a non pros for failure to file a complaint which was entered after the statute of limitations had run. The only issue the Supreme Court addressed was whether the trial court erred in denying the plaintiff's request to open the judgment of non pros.

I have already discussed *Bon Homme Richard Restaurants Inc., supra:* a non pros was entered pursuant to a local rule for two years of inactivity of record; the Superior Court ruled in *Haefner* that *Bon Homme* did not alter the case law permitting a plaintiff whose initial lawsuit was non prossed for failure to file a complaint to institute a second action if the statute of limitations has not run.

*Smith v. SEPTA,* 297 Pa. Super. 267, 443 A.2d 829 (1982), involved the plaintiff's appeal from the denial of her petition to reinstate an action that was dismissed by a local rule (implementing Judicial Administration Rule

1901) for inactivity of record for more than two years. Also, the statute of limitations had run at the time the action was dismissed.

*Commonwealth v. Bailey,* 278 Pa. Super. 51, 419 A.2d 1351 (1980), involved a petition to expunge a criminal record which had been dismissed for lack of prosecution. The petitioner filed a new petition identical to the earlier one which the trial court dismissed for failure to appeal from the prior order of court. The Superior Court reversed. It stated the dismissal of the first petition is similar to a judgment of non pros entered in a civil case: "[I]t is well settled that in both of these situations the plaintiff is permitted to commence an identical second action provided the statute of limitations has not expired and the costs of the previous action have been paid." *Id.* at 54, 419 A.2d at 1352. (citations omitted)

*Corcoran v. Fiorentino,* 277 Pa. Super. 256, 419 A.2d 759 (1980), involved an appeal of a dismissal for inactivity pursuant to a local rule implementing Judicial Administration Rule 1901. Also, the statute of limitations had run.

*Department of Public Welfare v. Flowers,* 46 Pa. Commw. 326, 407 A.2d 896 (1979), addressed a petition to reactivate a lawsuit dismissed for failure to prosecute for a period in excess of two years pursuant to a local rule adopted to implement Judicial Administration Rule 1901.

*Thompson v. Cortese,* 41 Pa. Commw. 174, 398 A.2d 1079 (1979), was a mandamus action in which the court ruled that the prothonotary lacked the authority to accept a praecipe to enter judgments based on dismissal orders entered under a local rule implementing Judicial

Administration Rule 1901 when there has been no activity of record for a period of two years. The opinion, citing *Gordon v. Stuart Ltd.* and *Bucci v. Detroit Fire & Marine Insurance Co.,* states: "A non pros does not deny relief in that it is not an adjudication on the merits. Thus, if the statute of limitations has not run, a plaintiff previously non prossed can maintain a second suit upon the identical cause of action, provided only that he pay the costs incurred in the prior action." 46 Pa. Commw. at 328, 398 A.2d at 1082.

In *Brigham v. Eglin's of Philadelphia Inc.,* 406 Pa. 99, 176 A.2d 404 (1962), the only issue the court addressed was whether the lower court had abused its discretion in refusing to grant a petition to remove a judgment of non pros filed more than two years after the entry of the judgment.

In summary, the cases cited in *Gates* that have any bearing on whether a second action may be instituted where the initial action was dismissed, recognize that a second action may be instituted in the situation in which a judgment of non pros was entered for reasons other than staleness or prejudice.

Defendants also rely on *Schuylkill Navy v. Langbord, supra,* 728 A.2d 964. A judgment of non pros was entered dismissing the plaintiff's initial complaint for failure to appear when the case was called for trial. A second complaint raising the same claims was also dismissed for the same reason.

The Superior Court ruled that a third action could not be instituted. Pa.R.C.P. 218 authorizes a court to enter a non pros when a plaintiff, without a satisfactory excuse, fails to appear at trial. Unless a non pros entered pursu-

ant to Rule 218 is set aside, the plaintiff may not bring a new lawsuit raising the same claims. This ruling is consistent with prior case law holding that a dismissal of the plaintiff's case for failure to appear at trial is not a voluntary nonsuit for purposes of Pa.R.C.P. 231. See *Farabaugh Chevrolet-Oldsmobile Inc. v. Covenant Management Inc.,* 361 Pa. Super. 234, 522 A.2d 100 (1987).

The court in *Schuylkill Navy*—rather than basing its ruling on the rules governing a party's failure to appear at trial—relied on the *Gates* dicta that a second lawsuit cannot be brought unless the previously entered judgment of non pros has been opened or stricken.[5] However, the court's opinion recognized that Rule 218 requires a plaintiff to establish a satisfactory excuse for failure to appear, and that the note to the rule requires a plaintiff to seek relief from the judgment under Rule 3051. Therefore, this holding, that a dismissal under Rule 218 for failure to attend trial bars a second action, has no impact on the case law allowing the filing of a second action within the statute of limitations where the prior action was dismissed for failure to comply with the pleading requirements of the Rules of Civil Procedure.

In summary, the dicta upon which defendants rely is not consistent with established case law which allows a plaintiff whose initial suit was dismissed for failure to file a complaint (a situation analogous to failure to file a certificate of merit) to bring a second action if the statute of limitations has not run.

---

5. The court's opinion also refers to Rule 3051. However, Rule 3051 does not address the issue of whether a judgment of non pros bars a second lawsuit. It only addresses the procedure and standards for opening a judgment of non pros.

For these reasons, I enter the following order of court:

ORDER

On October 7, 2003, it is hereby ordered that plaintiff's petition to open judgments of non pros entered on July 30 and July 31, 2003, is denied.