Michael Patronick, Petitioner *v.* Commonwealth of Pennsylvania, Arbitration Panel for Health Care, Respondent.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*James A. Burgess, Jr.*, for petitioner.

*Timothy G. Lenahan,* with him *Kathleen A. Lenahan, Lenahan & Dempsey,* for respondent, Moses Taylor Hospital.

*Paul A. Barrett, Nogi, O'Malley & Harris, P.C.,* for respondent, Dr. Elihu Friedmann.

OPINION BY JUDGE ROGERS, November 19, 1981:

Michael Patronick filed a complaint with the Arbitration Panels for Health Care seeking damages on account of injuries caused by negligent treatment of his left thumb by Moses Taylor Hospital and Elihu Friedmann, M.D. Moses Taylor Hospital served interrogatories on Patronick and there ensued a series of filings which culminated in the entry by the Administrator of the Arbitration Panels for Health Care of a judgment of non pros. against Patronick and in favor of both the Hospital and Dr. Friedmann.

Patronick has here appealed the final order of the Administrator made November 30, 1979 denying the prayer of Patronick's petition to open the judgment. The question before us is that of whether the Administrator committed an abuse of discretion in refusing to open the judgment of non pros. We believe that he did not; and will therefore affirm his order.

The record shows the following:

On November 15, 1978, Patronick filed his complaint with the Arbitration Panels for Health Care.

On March 29, 1979, preliminary objections having been disposed of, Moses Taylor Hospital filed and duly served Patronick with the following interrogatories:

'1. State in detail each and every fact known to you which would support your allegations contained in Paragraphs 6a through q of your Complaint which has any bearing on

your allegations of negligence directed to the Moses Taylor Hospital.

'2. State the names, addresses and specialties of all expert witnesses you intend to call to support the allegations of your complaint.

'3. State the names, addresses and present whereabouts of all nonprofessional witnesses you intend to call at the trial of your case.'

On June 13, 1979, no answers to its interrogatories having been received[1] Moses Taylor Hospital filed a motion for sanctions requesting the Administrator to order Patronick to answer within 14 days or suffer judgment of non pros.

On June 18, 1979, Patronick filed answers as follows:

'1. Please see the Complaint. No further answer is required under Pennsylvania Rules of Civil Procedure.

'2. The expert witnesses have not been selected as of this time. Their names, addresses and specialties will be provided when they are obtained. I was told and believe that A. R. Barakat, M.D. and James E. Favaren, M.D., Geisinger Medical Center, Danville, Pennsylvania, will testify.

'3. The non-professional witnesses have not been selected at this time. Their names and addresses will be provided when they are obtained.'

The answer is signed by Patronick's then counsel but was not verified.

---

[1] At the time of the events of the suit, answers to interrogatories were required to be filed and served within 20 days after service of the interrogatories. Pa. R.C.P. 4006(a)(2) now provides that "[t]he answering party shall file and serve a copy of the answers . . . within thirty [30] days after the service of the interrogatories."

On July 14, 1979, acting on the Hospital's motion for sanctions, filed on June 13, 1979, in behalf of both defendants, the Administrator ordered that Patronick should serve full and complete answers to the Hospital's interrogatories within 40 days or suffer judgment of non pros. or other appropriate sanctions, noting that Patronick's answers were not full and complete and they were not under oath as required by Pa. R.C.P. 4006(a)(1).

On August 2, 1979, Patronick filed answers identical to those earlier filed with the exception that there is attached thereto a verification over Patronick's signature.

On September 10, 1979, Moses Taylor Hospital filed a motion for judgment of non pros., pointing out that Patronick's second set of answers was identical to the first which the Administrator had held not to be full and complete.

On September 25, 1979, the Administrator entered judgment of non pros. against the plaintiff and in favor of both defendants for failure of Patronick to file full and complete answers to the Hospital's interrogatories.

On November 5, 1979, the Administrator denied the prayer of a petition to open the judgment filed by Patronick but without prejudice to his presenting another petition to open judgment after filing full and complete answers to the Hospital's interrogatories.

On November 16, 1979, Patronick filed new answers to the Hospital's interrogatories providing in answer to the first of the Hospital's three interrogatories some factual details as to his alleged assertions of negligence on the part of the defendants but repeating verbatim the answers earlier supplied to the second and third

of the Hospital's questions concerning the identity respectively of his expert and nonprofessional witnesses, that is, that they had not been selected and that their identities would be revealed when they were.

On November 30, 1979, after receiving briefs of the parties, the Administrator filed a final order denying the prayer of Patronick's petition to open judgment which had been filed with his latest answers to interrogatories.

The standards which govern the trial court's exercise of its discretion and the scope of the appellate court's review are succinctly stated in *Goldstein v. Graduate Hospital of the University of Pennsylvania*, 441 Pa. 179, 182, 272 A.2d 472, 473 (1971) as follows:

This Court has very definitely stated the criteria for opening a judgment of non pros.: '(1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused; and (3) that facts constituting grounds for a cause of action be alleged.' Thorn v. Clearfield Borough, 420 Pa. 584, 586, 218 A.2d 298, 299 (1966). In this same vein, we have stated: 'A request to open a judgment of non pros. is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion. An appellate court may not reverse the lower court's ruling unless an abuse of discretion is clearly evident: Brigham v. Eglin's of Phila., 406 Pa. 99, 176 A.2d 404 (1962).' Mazer v. Sargent Electric Co., 407 Pa. 169, 171, 180 A.2d 63, 64 (1962).

The Administrator of the Arbitration Panels for Health Care determined that Patronick had not reasonably explained or excused his failure to provide full and complete answers to the Hospital's second and third interrogatories and concluded that Patro-

nick's excuses—the transfer of files from one lawyer to another and confusion on the part of counsel as to the "thrust" of the Hospital's motion for judgment of non pros.—were inadequate. Our review of the record supports the Administrator's conclusion in this regard and we are satisfied that the Administrator did not commit a clearly evident abuse of discretion.

The argument made in passing in Patronick's brief that it was an abuse of discretion on the part of the Administrator to enter judgment of non pros. in favor of Dr. Friedmann as well as the Hospital was not raised either in Patronick's Petition for Review or in his Statement of Question Involved and need not be considered here. We note that the Hospital filed its motion for judgment of non pros. in behalf of both defendants.

Order affirmed.

### ORDER

AND Now, this 19th day of November, 1981, the Order of the Arbitration Panel for Health Care of November 30, 1979, is affirmed.

