464 A.2d 482

**Richard and Rosalie WALKER, Parents of the Deceased. As Co-Administrators of the Estate of Juana D. Johnson, Deceased**

v.

**Peter PUGLIESE, M.D. and I.O. Silver.**

Superior Court of Pennsylvania.

Argued March 10, 1983.

Filed Aug. 12, 1983.

596

Jerome Gamburg, Philadelphia, for appellants.

Wiley P. Parker, Lebanon, for Pugliese, appellee.

Peter J. Curry, Harrisburg, for Silver, appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

BECK, Judge:

Juana D. Johnson died of hepatitis at the age of nineteen in November 1977. Her parents and co-administrators of her estate, Appellants Richard and Rosalie Walker, filed a complaint in trespass averring medical malpractice against Peter Pugliese, M.D. and Dr. I.O. Silver, appellees, who attended Juana before her death. The Walkers appeal from an order of the Court of Common Pleas, Dauphin County, which denied their Petition to Open a judgment of non pros entered against them for failure to provide full answers to interrogatories issued by appellees Pugliese and Silver. The principal issue presented in this appeal is whether the lower court abused its discretion in refusing to grant the Petition to Open.

Juana D. Johnson, a heroin addict, was placed in a detoxification program in the Berks County prison in 1976. She was seen by Dr. Pugliese, an employee of Berks County, while she was in Berks County prison and also once at the Reading Hospital emergency room, at which time he prescribed certain medication. Juana was transferred to Dauphin County prison in September 1976. After a stay of four days she was transferred back to Berk County prison. On her return she told a matron at Berks County that she had requested medical treatment while at Dauphin County and been refused. Juana was sent back to Dauphin County on October 7, 1976, and seen by Dr. Silver. She developed chest pains on November 3, and was seen by Dr. Silver again, at which time he prescribed medication for the chest pains. Juana was taken to the emergency room of Harrisburg Hospital on November 5, and died there the next day. The Walkers claim that Drs. Pugliese and Silver failed to

diagnose and treat Juana's hepatitis, and that her death resulted from their malpractice.

The Walkers filed their original action against Pugliese and Silver with Arbitration Panels for Health Care on August 22, 1977. The case was transferred to the Court of Common Pleas, Dauphin County, in January 1981.[1] Pugliese filed interrogatories to be answered within 30 days on February 11, 1981, and the Walkers filed answers on April 13. Silver filed interrogatories on February 9, 1981 that have not been answered. On April 30 a rule was issued (returnable within 20 days) upon the Walkers to show cause why they should not be compelled to answer fully the interrogatories of the doctors. The rule was made absolute on June 16 and the Walkers were ordered to file full and

---

1. We note that Silver presents a procedural argument. Silver contends that the order of the chairman of the Health Care Services Malpractice Arbitration Panels, prohibiting the Walkers from using any expert testimony at trial unless they provided the name of their expert by September 15, 1980, prevented the Court of Common Pleas from redeciding or relitigating the issue by the law of the case (that is, the principle that judges of coordinate jurisdiction sitting in the same court in the same case should not overrule the decisions of each other). *Marmara v. Rawle*, 264 Pa.Super. 229, 399 A.2d 750 (1979). Silver wrongly apprehends the applicable Pennsylvania Rules of Civil Procedure and ignores recent case law. Both 40 Pa.C.S. § 1301.509 and the Explanatory Note to Rules 1801 *et seq.* governing appeals from decisions of Health Care Services Malpractice Arbitration Panels explain that judicial review of determinations of the arbitration panels is provided by appeal to the court of common pleas, which holds a trial de novo. The Court of Common Pleas of Dauphin County thus correctly heard the case. Silver also argues that 40 Pa.C.S.A. § 1301.309 (conferring exclusive original jurisdiction in medical malpractice cases in the arbitration panels) was good law at the time of the transfer to the Court of Common Pleas, because *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980) declaring 1301.309 unconstitutional (on the grounds that the resulting delays unduly infringed the constitutional right to trial by jury) was not handed down until after the order of the arbitration panel. However, we agree with the ruling of the Third Circuit in *Firich v. American Cystoscope Makers, Inc.*, 635 F.2d 259 (1980) which concluded that Pennsylvania law would apply *Mattos v. Thompson* to all cases on appeal. The appeal in the case *sub judice* was not initiated until after *Mattos* was filed, and is therefore surely governed by the holding in that case. In so far as the Court of Common Pleas found in Silver's favor, we have difficulty in understanding why he challenges its jurisdiction. Nevertheless, we respond to his argument and find it meritless.

complete answers. On August 13, 1981, Pugliese filed a Motion for Sanctions against the Walkers in their suit against Pugliese and Silver. Argument was scheduled for October 26. The Walkers' counsel forwarded the matter to co-counsel William Proctor, a member of the Dauphin County bar. Mr. Proctor did not appear for argument and a judgment of non pros was entered against the Walkers. They unsuccessfully petitioned to open the judgment on November 30.

A Petition to Open a judgment of non pros is addressed to the equitable powers of the court. It is a request to open a judgment of non pros by way of grace and not of right. Its grant or refusal is within the lower court's discretion, which will not be reversed on appeal absent a showing of abuse of discretion. A court will not exercise its discretion to open a judgment of non pros unless three factors coalesce: (1) the Petition must be promptly filed; (2) a reasonable explanation or excuse must be offered; (3) facts constituting grounds for the cause of action must be alleged. *Lewis v. Reid*, 244 Pa.Super. 76, 366 A.2d 923 (1976); *Corcoran v. Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759 (1980).

Counsel for the Walkers telephoned opposing counsel two weeks after judgment was entered, in an effort to stipulate to open the judgment. The Walkers received a refusal by mail on November 16. Nine days later, November 25, the Petition to Open was mailed to the Dauphin County Prothonotary. We conclude that the condition of promptness is satisfied.

The requirement of alleging facts constituting a cause of action is not an issue in this case because the Walker's original Complaint fulfills this condition. Silver's counsel filed a praecipe asking that the case be listed for trial in September, and counsel for Pugliese acquiesced. The Walkers argue that the course of conduct in listing the case for trial constituted a waiver of the right to judgment of non pros, on the authority of *Poluka v. Cole*, 222 Pa.Super. 500, 295 A.2d 132 (1972). In that case the non pros was

entered because of delay, but removed because the defendants had indicated a willingness to come to trial. Our Court held that the defendant's conduct constituted a waiver of laches. See also *De Siato v. Shahboz,* 277 Pa.Super. 333, 419 A.2d 798 (1980), holding that a party's right to non pros for plaintiff's delay is waived by conduct indicating a willingness to try the case on the merits notwithstanding the delay. We do not agree that *Poluka v. Cole* controls the instant case because here the non pros was not entered for delay but as a result of a Motion for Sanctions. Therefore, we hold that there has been no waiver.

We now examine the final condition required to open the judgment, a reasonable explanation or excuse of the Walkers' conduct. The non pros was entered as a sanction pursuant to Pa.R.C.P. 4019(a)(1) and (c)(3) [2] for failure to provide sufficiently full answers to interrogatories under Rule 4005.[3] Our Court has recently emphasized that discovery rules are important procedural safeguards to prevent surprise and unfairness to the parties and to preserve a trial on the merits:

> When expert testimony is involved, it is even more crucial that surprise be prevented, since the attorneys will not have the requisite knowledge of the subject with which to effectively rebut unexpected testimony. By allowing for early identification of expert witnesses and their conclusions, the opposing side can prepare to re-

**2. Rule 4019. Sanctions**

(a)(1) The court may, on motion, make an appropriate order if (i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

. . . .

(c) The court, when acting under subdivision (a) of this rule, may make

. . . .

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

**3. Rule 4005. Written Interrogatories to a Party**

(a) Subject to the limitations provided by Rule 4011, any party may serve upon any other party the original and two copies of written interrogatories to be answered by the party served . . . .

spond appropriately instead of trying to match years of expertise on the spot. Thus, the rule serves as more than a procedural technicality; it provides a shield to prevent the unfair advantage of having a surprise witness testify.

*Sindler v. Goldman,* 309 Pa.Super. 7, 12, 454 A.2d 1054, 1056 (1982).

Pugliese claims the following three deficiencies in the Walkers' answers:

1. "Interrogatory 1(c):

state the substance of the opinions as to which each such expert is expected to testify.

Expert is expected to testify that the standard of care given to the decedent was below the standard of care applicable in the medical community at the time in question. He will also testify that the failure to treat and diagnose the condition of the decedent lead to her death."

Pugliese contends that the response fails to describe with specificity the nature of services performed, or the acts which fell below the applicable standard of care.

2. "Interrogatory 3(d):

the name and address of every person, firm or corporation he was employed by within the last ten (10) years and a detailed description of his duties at each such place of employment; if he was self-employed, state specifically and in detail the description of his duties and responsibilities.

Not applicable."

Pugliese contends that the response fails to state specifically and in detail the work of the expert by virtue of his self-employment.

3. Interrogatory 4:

"If the allegations in your Complaint are based in whole or in part on expert opinion, identify by paragraph number each such allegation which is based in whole or in part upon expert opinion, and not based upon plaintiffs' own knowledge and/or opinion."

This interrogatory was unanswered.

The Walkers explain that when the expert interrogatories were issued, they were answered by Philadelphia counsel and filed by Dauphin County counsel. When the Motion to Compel more complete answers was made, Dauphin County counsel undertook to handle the matter, but failed to do so through inadvertence or mistake. Philadelphia counsel, assuming that all had been attended to, did not appear or expand the answers. The failure, if any, was one of mistake and breakdown of communication. Moreover, the matters complained of were inconsequential and neither misleading nor wilfully dilatory. The Walkers believe the first answer was sufficiently complete; that the second did not apply to a medical expert, and that the third was also inapplicable in that the allegations in the Complaint did not originate with expert testimony. In sum, they contend that the objections were frivolous, and that the absence of the information requested caused Pugliese and Silver no prejudice. They provided the name of their expert, and informed Pugliese that his testimony would be based on the official records of the Commonwealth (R. 2).

Rule 4019 allows the trial court, on motion, to make an appropriate order if a party fails to file sufficient answers to interrogatories. No specific sanctions are mandated, and the choice and imposition of sanctions is within the discretion of the trial court. *Catina v. Maree*, 272 Pa.Super. 247, 415 A.2d 413 (1979).

Members of this Court have expressed differing opinions on the question of when a non pros for failure to supply answers to interrogatories is appropriate. Judge Hoffman's concurrence in *Lewis v. Reid, supra*, explains that non pros may be imposed as a sanction by Rules 1037 and 4019 for failure to comply with a court order (in which case no prejudice to the other party need be demonstrated), or because the plaintiff has failed to prosecute his action within a reasonable time (where the defendant must show that he has suffered prejudice as a result of the delay). Judge Spaeth's dissent in *Lewis v. Reid* argues against applying different standards to the review of non pros,

since the essence of a sanction is punishment, and no matter what preceded the judgment, the decision as to whether the judgment should stand or fall should be decided according to general principles of equity. We are persuaded that the approach of Judge Spaeth is appropriate to the facts of this case.

In *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979) Petition for Allowance of Appeal Denied, (in which plaintiff filed a complaint in trespass to recover for injuries sustained when his arm was caught in a conveyor belt, but failed to answer interrogatories) we affirmed a striking of non pros. We held that Rule 4019 envisioned a procedure by which judicial discretion would select a punishment to fit the crime, and that non pros was too severe a penalty. In *Royster v. McGowen Ford*, 294 Pa.Super. 160, 439 A.2d 799 (1982) the Court stated that for a party to obtain a sanction for the opposing party's failure to identify an expert witness and describe the essence of the report, prejudice must be shown. See also *Nowosielski v. Kryzosiak*, 280 Pa.Super. 243, 421 A.2d 703 (1980) and *Gill v. McGraw Electric Company*, 264 Pa.Super. 368, 399 A.2d 1095 (1979) which required a showing of prejudice before an expert witness could be excluded from testifying due to failure to comply with a pre-trial order.

Our scrutiny of recent cases in which a Rule 4019 sanction in the form of non pros against a plaintiff was allowed to stand reveals that they differed essentially from this appeal. In *Verbalis v. Verbalis*, 286 Pa.Super. 209, 212, 428 A.2d 646, 647 (1981) the plaintiff refused absolutely to appear for deposition, in violation of a court order directing him to appear. In *Patronick v. Commonwealth Arbitration Panel for Health Care*, 62 Pa.Commw. 439, 436 A.2d 1252 (1981), the plaintiff gave no information on his expert witnesses. In *Jones v. Trexler*, 275 Pa.Super. 524, 419 A.2d 24 (1980) plaintiff's counsel failed altogether to respond to interrogatories and failed to file argument brief. Even in *Jones v. Trexler*, where the deficiencies of answers to

interrogatories were more severe than the Walkers', a dissent was filed which stated:

This case involves the death of a 16 year old cyclist, allegedly as a result of the negligent operation of a tractor trailer. To dismiss with prejudice such an action for what is basically a failure to respond to form interrogatories seems unnecessarily harsh and misdirected. It is the lawyer who should be punished for his disregard of the rules, not his innocent client. Why throw the baby out with the bathwater (275 Pa.Superior Ct. at 529, 419 A.2d at 27).

■ We conclude that a judgment of non pros against the Walkers was too severe a penalty for their partial failure to provide full answers to the interrogatories of Pugliese and Silver, and that the Walkers have met the requirements necessary to open the judgment. We therefore hold that it was an abuse of discretion to deny their Petition to Open. The order of the lower court is reversed, and this case is remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

WICKERSHAM, J., concurs in the result.