656 A.2d 510

**ROCKWOOD INSURANCE COMPANY, Appellant,**

**v.**

**Raymond E. PIPER, Paul E. Dalton, Robinson Transportation Services, a Division of C.H. Robinson Company, Beverage Transportation, Inc. Margaret Cernik, Rosemary Cernik and Margaret Cernik and Casimar Cernik, Husband and Wife, Butler Color Press, Inc., and Commonwealth of Pennsylvania, Department of Transportation, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1994.

Filed March 28, 1995.

558

---

Ralph M. Monico, Hollidaysburg, for appellant.

Robert S. Garrett, Pittsburgh, for Beverage Transp., appellee.

Before DEL SOLE, FORD ELLIOTT and BROSKY, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order refusing a request to strike/open a Judgment of Non Pros.[1] We affirm.

The underlying action was commenced by Rockwood Insurance Company, (Rockwood) seeking a declaratory judgment with respect to its duties with regard to a policy it had issued to its insured, Raymond E. Piper (Piper.) The policy listed as a "covered auto" a tractor which was owned by Piper and leased to Beverage Transportation, (Beverage). Piper and his employee, Paul E. Dalton, (Dalton) had been named as defendants in a previously filed action brought by the Cerniks, who alleged that they had suffered injuries as a result of a collision brought on by the manner in which the tractor was allegedly being driven.

At the time Rockwood brought its declaratory judgment action Piper was in bankruptcy under Chapter 11. Rockwood subsequently filed a Motion For Relief From Stay in federal bankruptcy court. Rockwood's Motion was granted on March 4, 1991, after which time it was then free to proceed with its declaratory judgment action. Approximately six months later, on August 26, 1991, Rockwood was determined to be insolvent by the Pennsylvania Department of Insurance and an immediate ninety day stay of the proceedings involving Rockwood went into effect. By order of the Commonwealth Court, Rockwood was liquidated. Its liabilities were then assumed by the Pennsylvania Insurance Guaranty Association. (PIGA). Nearly two years later, on August 23, 1993, Beverage filed a Motion for Judgment of Non Pros. In support of its motion Beverage cited to the fact that there had been no docket activity on the declaratory judgment action since Feb-

1. Presented to the court for its consideration was a Petition to Strike. The court ruled that the petition must be denied and then went on to consider it as a "Petition to open arguendo." See *Kophazy v. Kophazy,* 279 Pa.Super. 373, 421 A.2d 246 (1980). (Different criteria are to be applied when considering a Petition to Strike and a Petition to Open.) In the instant appeal the propriety of the decision to deny the Petition to Strike is not argued. The only questions raised in the instant appeal, and therefore the only matter which we will address, concern the decision to deny a Petition to Open.

ruary 15, 1991. In considering this motion the court determined that the time· period between February 15, 1991 and March 4, 1991, when the automatic bankruptcy stay against Piper was lifted, as well as the ninety day stay caused by Rockwood's insolvency, should be excluded from consideration for purposes of determining prejudice. Nevertheless, even after excluding these periods of time, the court found that a delay in excess of two years and two months occurred in this case and that such a delay was to be presumed prejudicial, citing, *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992). The court concluded that Rockwood failed to proceed with reasonable promptitude, that there was no compelling reason for the delay and that the length of the delay established a presumption of prejudice. On that basis the court granted a judgment of non pros. Rockwood later filed the Petition at issue and the court ruled that the validity of the judgment and sufficiency of the record were not being challenged therefore it was appropriate to deny a petition to strike. It further held that the three factors necessary to open a judgment were not found in this case and that Rockwood's petition would be denied. This appeal followed.

 The three factors which must be present in order to open a judgment of non pros are: (1) the petition to open must be promptly filed; (2) the default for delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. *Narducci v. Manson's Discount Store*, 518 Pa. 94, 541 A.2d 323 (1988). Further, when considering whether to grant either a petition to open a non pros judgment or a request to enter a non pros, a trial court is bound to consider prejudice to the adverse party. *Valley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Super. 400, 581 A.2d 193 (1990). Prejudice is to be presumed where there is no docket activity for a period of two years or more, and when there is no compelling explanation for this delay. *Penn Piping, Inc. v. Insurance Company of North America.* An appellate court will reverse an order denying a petition to open a judgment of non pros only where the trial court has committed a manifest

abuse of discretion. *Walker v. Pugliese,* 317 Pa.Super. 595, 464 A.2d 482, 484 (1983).

■ The trial court in this action found that Rockwood failed to satisfy the three requirements necessary to open the judgment. Rockwood initially argues that there can be no presumed prejudice in this case because there was not a two year delay period for which either Rockwood or PIGA could be held responsible. It reasons that Rockwood could not be held responsible for a period of delay occurring subsequent to its insolvency and liquidation. It further maintains that PIGA could not be responsible for any period of delay because there had been no determination made that the claim was a covered claim and the extent of PIGA's obligation never determined. Therefore, Rockwood reasons that PIGA could pursue Rockwood's action or file it's own action as long as it did so within statutory limitation period following the expiration of the statutory stay in the proceedings.

When considering these claims in denying Rockwood's petition to open, the trial court relied on Section 1701.602(a) of the Pennsylvania Insurance Guaranty Association Act. 40 P.S. 1701.101 *et seq.* That section provides:

All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this Commonwealth shall be stayed for ninety days from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

The trial court focused on the language which provided that the purpose for the ninety day stay is "to permit proper defense by the association of all pending causes of action." *Id.* The court then provided the following sound rationale for its conclusion that this statutory language supported its ruling:

It is obvious from this language that the Legislature did not intend to provide PIGA with a "clean slate." Rather, the Legislature intended to provide PIGA with valuable time in which to review the insolvent insurer's pending cases, thereby minimizing the harmful effects of entering during the pendency of the proceedings. This alone indicates that the

five and one half (5½) month period of delay at issue was properly included in the Court's calculation, however, there is an additional reason for denying Rockwood's requested relief.

Rockwood's insolvency did not put PIGA in a "defense" situation. In other words, PIGA was not put to the burden of defending a suit by the mere fact that Rockwood was declared insolvent. Rockwood was the plaintiff in the pending cause of action, therefore, PIGA entered the action as the moving party. Further, PIGA was given the § 1701.602(a) ninety (90) day stay of proceedings to determine the status of the case, and to determine what was needed to move the case to trial. In response, PIGA did absolutely nothing for the next twenty-one and one half (21½ ) months. Neither the Act nor this Court provides relief for such behavior.

Because we find the court's reliance on the provisions of the Act appropriate and because the court's rationale for its ruling is sound, we perceive no abuse of discretion by the trial court.

We next consider Rockwood's later arguments which can be readily dismissed. Rockwood notes that it formally declined to provide coverage to Piper premised upon an exclusionary clause contained in the policy and commenced a declaratory judgment action to clarify its obligations to its insured. Because a resolution to the question of coverage was never made due to Rockwood's insolvency, Rockwood reasons that PIGA can not be made to stand in its stead absent a finding that the Association has an obligation on a covered claim. Rockwood's argument is clearly circulatory and has no place in this discussion of whether the petition to open a judgment of non pros was properly denied. The action brought by Rockwood sought a determination of its obligations. Rockwood cannot now argue that because a decision was never reached, PIGA's obligations were never determined therefore PIGA had no duty to proceed with the action begun by the insolvent insurer to resolve these same precise issues of coverage. Once Rockwood became insolvent, PIGA could have interceded and pursued Rockwood's action to have coverage determined un-

der the endorsement. It's inaction cannot be excused because coverage under the endorsement was never decided.

Rockwood also states that PIGA had no obligation to assume Rockwood's obligations and duties because the "Cerniks had not exhausted any coverage that may have been available through their own insurer." While Rockwood makes such a statement in more than one place in its Brief, it does not develop any argument based upon this supposed fact and does not indicate how this fact would impact upon PIGA's duty to move the insolvent carrier's case forward.

Finally it is asserted that PIGA could choose to pursue an adjudication regarding its rights or obligations to Rockwood's insured as long as it acted within the applicable statute of limitations. In response we note that the question of whether PIGA could pursue its own action is no defense to the matter at hand, whether a judgment of non pros should have been opened. The trial court was asked to consider whether a judgment of non pros had been properly entered and whether there was just reason to open that judgment. The trial court found that Rockwood did not satisfy the three criteria necessary to open a judgment. A discussion concerning PIGA's ability to maintain its own action had no place in the court's decision. *See Gates v. Servicemaster Commercial Service,* 428 Pa.Super. 568, 631 A.2d 677 (1993).

Finding no reason to disturb the trial court's refusal to open the judgment of non pros, we affirm.

Order affirmed.