Ivan **ORRIOLA,** Debra Orriola, his wife, and Deidre Orriola, by her father, Ivan Orriola, **Appellants,**

v.

Janice F. **FRICK,** Paul L. Frick, Commonwealth of Pennsylvania, Department of Transportation, McKean Township et al.

Commonwealth Court of Pennsylvania.

Argued Aug. 22, 1995.
Decided Sept. 13, 1995.

---

Michael E. Dunlavey, for appellants.

Robert T. McDermott, for appellee, Department of Transportation.

Mark E. Mioduszewski, for appellees Merrill L. Smith, individually and d/b/a MLS, Inc. and Merrill L. Smith Realty Co.

Gary Eiben, for appellees, Robert M. Tracy and Richard L. Wood.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Ivan, Debra and Deidre Orriola appeal from the order of the Court of Common Pleas of Erie County that denied their petition for relief from a judgment of non pros. We affirm.

In 1982, the Orriolas were involved in a car accident. In 1984, the Orriolas filed a complaint against several Defendants.[1] In addition to claiming personal injuries, the Orriolas claimed that water flowed from property owned by various defendants onto the highway creating dangerous conditions and a highway design defect. In March and April 1994, the Defendants filed petitions to dismiss for lack of prosecution, non pros, based upon the lack of docket entries for two years, eight months from March 6, 1987 through November 22, 1989 and inactivity for over four years from March 2, 1990, until the first petition to dismiss for lack of prosecution was filed on March 21, 1994. The trial court granted the petitions. However, the Orriolas filed a petition for relief from the judgment of non pros which the trial court denied.

On appeal to this Court,[2] the Orriolas argue that the trial court abused its discretion in failing to grant their petition for relief from the judgment of non pros. The Orriolas assert that they were justified in their lack of prosecution because: 1) a pending declaratory judgment action had been filed by the Smith Defendants against two insurance companies to determine liability; and 2)

---

1. The Defendants include: Janice F. Frick, Paul L. Frick, the Department of Transportation (DOT), McKean Township, Merrill L. Smith, individually and d/b/a M.L.S., Inc., Merrill L. Smith Realty Co. (Smith), Richard L. Wood, Thomas B. Barko, Robert M. Tracy, Thomas H. Hertenstein, Elizabeth G. Hertenstein, Donald G. Fogleboch, Kay J. Fogleboch and the Department of Environmental Resources.

2. Our scope of review from a denial of a petition to open/strike a judgment is whether or not the trial court abused its discretion. *Sklar v. Harleysville Insurance Co.*, 526 Pa. 617, 587 A.2d 1386 (1991).

the Defendants had waived their right to petition for a judgment of non pros because of ongoing settlement agreements.

In *Penn Piping, Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), the Supreme Court addressed the requirements for a judgment of non pros. *Penn Piping* held that a trial court properly exercises its discretion in entering a judgment of non pros when: 1) a party has shown a lack of due diligence by failing to proceed with reasonable promptness; 2) there is no compelling reason for the delay;[3] and 3) the delay has caused prejudice to the adverse party. *Penn Piping* also established that the delay is *per se* prejudicial if there is a period of docket inactivity of two years or more.

First, we must determine whether the Orriolas diligently pursued the litigation, examining the entire period in which the case failed to move forward and the docket remained inactive. *Streidl v. Community General Hospital*, 529 Pa. 360, 603 A.2d 1011 (1992). Because there were two periods of docket inactivity, the first for over two years, the second for approximately four years, under *Penn Piping* these delays are presumed prejudicial. However, Orriolas assert that there was a compelling reason for their delay based upon the fact that the Smith Defendants had filed a declaratory judgment action and thus, they were awaiting a development in the law.

We note that the declaratory judgment action was not filed until after the first two year, eight month absence of docket entries. This alone could have supported the trial court's denial of Orriolas' petition to rescind the judgment of non pros. Regardless of this first period of delay,[4] the trial court did not find the pending declaratory judgment action an excuse for the second period of delay and found the purpose of the declaratory judgment action filed by the Smith Defendants was simply to determine primary coverage. In fact, one of the insurance compa-

nies never denied coverage to the Smith Defendants. Thus, the declaratory judgment action did not require resolution before the Orriolas' tort action proceeded.

Further, the record does not show that the Orriolas: 1) tried to move their claim to resolution; or 2) sought a stay pending resolution of the declaratory judgment action. Although no Pennsylvania case law concerns the question of the effect of a declaratory judgment action on an underlying tort case, the determination of whether compelling reason exists is committed to the discretion of a trial court. *Rockwood Insurance Co. v. Motor Coils Manufacturing Co.*, 166 Pa.Commonwealth Ct. 495, 646 A.2d 705 (1994).[5]

Therefore, we hold that the trial court did not abuse its discretion in denying Orriolas' petition for relief from a judgment of non pros.

Accordingly, we affirm.

### ORDER

AND NOW, this 13th day of September, 1995, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.

---

3. *Per se* compelling reasons for delay include bankruptcy, liquidation or other operation of law or in cases awaiting significant developments in the law. *Penn Piping.*

4. No party filed a petition for *non pros* following this first delay.

5. Orriolas also assert that they had entered "settlement negotiations" with DOT and thus, the Defendants were precluded from filing petitions of *non pros*. However, ongoing settlement negotiations are not compelling reasons for inactivity. *Gates v. Servicemaster Commercial Service*, 428 Pa. Superior Ct. 568, 631 A.2d 677 (1993).