**Douglas L. Gibson Enterprises Inc. v. Lesser**

76

C.P. of Montgomery County, no. 91-04519.

*David C. Onorato,* for plaintiff.
*Louis J. Sinatra,* for defendants.

NICHOLAS, *P.J.,* March 27, 1996—This opinion is necessitated by plaintiff's appeal to the Superior Court of Pennsylvania from our order dated February 15, 1996 which denied plaintiff's petition to open the judgment of non pros entered by this court by order dated August 10, 1995.

On April 2, 1991, plaintiff filed its complaint alleging that it performed upgrade and remodeling work on defendants' home, and that defendants failed to pay $29,555.10 as promised. This complaint was prepared by plaintiff's counsel, James R. Hall, Esquire. The case moved forward until July 13, 1992, when plaintiff filed a transcript of a deposition taken of Lawrence R. Lesser on December 10, 1991. Thereafter, there was no substantive or positive docket activity until September 2, 1994, when defendants filed their motion for judgment of non pros. On September 26, 1994, David C. Onorato,

Esquire entered his appearance on behalf of plaintiff, and plaintiff filed its answer to the motion for entry of judgment of non pros.

Douglas L. Gibson, plaintiff's president and sole shareholder, was deposed on December 9, 1994, and the transcript was filed on January 23, 1995. Mr. Gibson testified that plaintiff experienced financial hardship during the period of docket inactivity, and that it failed to pay legal fees owed to Mr. Hall, who refused to move the case forward until he was paid. Mr. Gibson testified that he asked Mr. Hall to provide legal services on a contingency basis and that Mr. Hall rejected this offer. Mr. Gibson testified that he considered looking for new counsel.

After briefs were filed, the parties argued before the undersigned on August 9, 1995, and we entered judgment of non pros against plaintiff by order dated August 10, 1995. Plaintiff filed its notice of appeal on September 8, 1995. The Superior Court docketed plaintiff's appeal at 3151 PHL 1995.

Plaintiff filed its concise statement of matters complained of on appeal on September 22, 1995. This court filed an opinion and mailed copies on September 29, 1995. This opinion explained that Pa.R.C.P. 3051[1] required plaintiff to file a petition to strike or open the

---

1. Rule 3051. Relief from judgment of non pros

"(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

"(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

"(1) the petition is timely filed,

"(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

"(3) there is a meritorious cause of action."

judgment of non pros and that plaintiff's appeal should be quashed as interlocutory.

On October 5, 1995, plaintiff filed a praecipe for discontinuance of appeal with the Superior Court and filed its petition to open with this court. Defendants filed an answer and the parties again argued before the undersigned on February 12, 1996. We denied the petition to open by order dated February 15, 1996, from which plaintiff appealed and filed a concise statement. The Superior Court docketed this appeal at 800 PHL 1996.

## DISCUSSION

A petition to open a judgment of non pros cannot be granted unless (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action. Pa.R.C.P. 3051; *Pine Township Water Co. v. Felmont Oil Corp.*, 425 Pa. Super. 473, 625 A.2d 703 (1993), *allocatur denied*, 537 Pa. 665, 644 A.2d 1202 (1994). Plaintiff failed to meet the first two conditions.

The petition was not timely filed. We mailed copies of our order sur motion for judgment of non pros on August 10, 1995, and plaintiff filed its petition to open on October 5, 1995, which means plaintiff delayed 56 days. A delay of 56 days is too long when unexplained. *Texas and Block House Fish and Game Club v. Bonnell Run Hunting and Fishing Corp.*, 388 Pa. 198, 130 A.2d 508 (1957) (27 days too long when unexplained); *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 500, 305 A.2d 698, 700 (1973) (17 days "can hardly be considered prompt" when unexplained) (dictum); *City of Philadelphia v. Williams*, 122 Pa. Commw. 630, 553 A.2d 111 (1989) (36 day delay too long when unex-

plained); *Toczylowski v. General Bindery Co.,* 359 Pa. Super. 572, 519 A.2d 500 (1986) (41 days too long when unexplained); *Hatgimisios v. Dave's N. E. Mint Inc.,* 251 Pa. Super. 275, 380 A.2d 485 (1977) (37 days too long when unexplained). Plaintiff presented no legally cognizable explanation for this delay. See petition, paragraphs 1-7. Accordingly, the petition was untimely.

Plaintiff argued that 50 days of the delay period must be excused as caused by plaintiff's ignorance of the proper procedure for attacking a judgment of non pros. Petition, paragraphs 2-7. Plaintiff misread Pa.R.C.P. 3051 and concluded that it authorizes a direct appeal from a judgment of non pros. Petition, paragraphs 3-7. Plaintiff argued that its unexplained delay was minimal since it filed its petition six days after learning from our opinion dated September 29, 1995 that Pa.R.C.P. 3051 prohibited a direct appeal. Petition, paragraphs 4, 7. We rejected this argument as did the court at *Borough of Kennett Square v. Lal,* 165 Pa. Commw. 573, 645 A.2d 474 (1994) (mistaken belief that petition for review stayed proceedings on default judgment did not excuse one and one-half months of delay prior to filing petition to open), *allocatur denied,* 540 Pa. 613, 656 A.2d 119 (1994).

Plaintiff did not present a reasonable explanation or legitimate excuse for its inactivity or delay. Plaintiff needed to show that this court erred when it granted defendants' petition for judgment of non pros. *Orriola v. Frick,* 664 A.2d 1110 (Pa. Commw. 1995). Plaintiff failed to do so. The trial court may enter a judgment of non pros when the docket reflects two years or more of inactivity caused by plaintiff's indolence and not by compelling circumstances. *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603

A.2d 1006 (1992). Compelling circumstances include bankruptcy, liquidation, or other operation of law; the need to await significant developments in the law; and such circumstances as may be determined on a case-by-case basis. *Id.* at 356 n.2, 603 A.2d at 1009 n.2. It has been held that a circumstance is compelling only when it effectively removes the case from the plaintiff's control and that financial hardship is not a compelling circumstance unless it is the functional equivalent of bankruptcy or liquidation. *Dorich v. DiBacco D.P.M.,* 440 Pa. Super. 581, 656 A.2d 522 (1995) (plaintiff had duty to move case forward despite lack of financial resources sufficient to retain expert witness necessary to establish liability and damages in a medical malpractice case).

Here, the docket reflected no activity from July 13, 1992, when plaintiff filed the deposition transcript of Lawrence R. Lesser, to September 2, 1994, when defendants filed their motion for judgment of non pros. There was thus a period of docket inactivity exceeding two years.[2] To show compelling circumstances, plaintiff argued that its financial hardship rose to the level where plaintiff could not retain counsel. This argument seemed to be supported by law. See *Public Service Water Co. v. Pennsylvania Public Utility Commission,* 165 Pa.

---

2. We calculated plaintiff's delay from the date the transcript was filed, only for the sake of convenience. The filing of a deposition transcript, seven months after the deposition, is neither substantive, nor positive, and, therefore, does not satisfy a plaintiff's duty to prosecute its case with due diligence. Cf. *Pine Township Water Co., supra* (praecipe to remove case from termination list held not to start a new delay period as it was neither substantive nor positive). There was no need to calculate plaintiff's delay from an earlier date as the date the transcript was filed marked the starting point of a delay period exceeding two years.

Commw. 463, 471 n.1, 645 A.2d 423, 426 n.1 (1994) ("a corporation must be represented by counsel in any action and cannot represent itself"). However, it was not supported by the record. Plaintiff failed to establish the severity or duration of financial hardship and failed to establish the quantity or quality of effort expended to retain new counsel. The fact that plaintiff retained new counsel once defendants filed their motion for judgment of non pros strongly suggested that plaintiff could have retained other counsel sooner, had plaintiff made the effort. This court properly entered judgment of non pros.

We denied plaintiff's petition to open for the reasons set out above. We note that an order denying a petition to open will be reversed only when the trial court committed a "manifest abuse of discretion." *Rockwood Insurance Co. v. Piper,* 440 Pa. Super. 557, 560-61, 656 A.2d 510, 512 (1995).

Our order of February 15, 1996 should be affirmed.