IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Morrison, : 
               Appellant : 
  : 
       v. : 
  : 
Pennsylvania State Police and :   No. 182 C.D. 2024
Hippensteels Auto Recon :   Submitted: August 8, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: December 9, 2025


Robert Morrison (Morrison) appeals, pro se, from the Cumberland County Common Pleas Court's (trial court) January 25, 2024 order denying his Motion to Strike Judgment of *Non Pros* (Motion) as to Hippensteels Auto Recon (Hippensteels). Essentially, there are two issues before this Court: (1) whether the trial court erred by denying Morrison's Motion; and (2) whether the trial court erred by entering a judgment of *non pros* as to Morrison's claim against Hippensteels.[1] After review, this Court vacates and remands.

---

[1] In his Statement of the Questions Involved, Morrison presents four issues for this Court's review: (1) whether the trial court clerk has the responsibility to ensure it is mailing court orders and filings to the correct address on record; (2) whether a plaintiff in a civil case against a state agency needs to write and file multiple amended complaints; (3) whether a plaintiff/petitioner in a civil case against a state agency needs to write and file multiple amended complaints when a plaintiff/petitioner is not receiving the trial court's orders at the correct address on record; and (4) whether a plaintiff/petitioner in a civil case against a state agency needs to write and file an amended complaint for a hearing on a motion to strike judgement when a plaintiff/petitioner is not receiving the trial court's orders at the correct address on record. *See* Morrison Br. at 4.

On July 18, 2022, while an inmate at the State Correctional Institution at Chester (SCI-Chester), Morrison filed a complaint against the Pennsylvania State Police (PSP) in the trial court alleging that PSP had wrongfully towed his truck (Complaint). Morrison sought monetary damages and a declaration that PSP had towed his truck illegally. On August 18, 2022, PSP filed preliminary objections averring that Morrison improperly served the Complaint, he failed to include a verification with the Complaint, and the Complaint was insufficiently specific. On December 12, 2022, the trial court sustained PSP's preliminary objections and ordered Morrison to file an amended complaint.

On January 20, 2023, Morrison filed an Amended Complaint against PSP and Hippensteels in the trial court. Both PSP and Hippensteels filed preliminary objections to the Amended Complaint. On August 16, 2023, the trial court sustained the preliminary objections and ordered Morrison to file a second amended complaint within 20 days and sent a copy of the order to Morrison at SCI-Chester. On August 21, 2023, Morrison was released from SCI-Chester. Morrison did not file a second amended complaint, and Hippensteels moved for entry of a judgment of *non pros* (*Non Pros* Motion) on September 7, 2023. On September 15, 2023, the trial court entered a rule to show cause for Morrison to respond to the *Non Pros* Motion by October 5, 2023. *See* Certified Record (C.R.) at 215.[2]

Shortly thereafter, Morrison contacted the presiding trial court judge's chambers and informed the trial court that he had been released from prison and had not received the trial court's order to file a second amended complaint because it had

_____

Morrrison's issues are subsumed in the issues as stated by this Court and will be addressed accordingly. Because the pages in Morrison's brief are not numbered, this Court references electronic pagination herein.

[2] Because the pages in the Certified Record are not numbered, this Court references electronic pagination herein.

been sent to SCI-Chester. The trial court judge's chambers instructed Morrison to respond to the *Non Pros* Motion outlining his circumstances or file a motion requesting that the trial court extend his time to file a second amended complaint. Morrison did the latter. By October 9, 2023 order, the trial court granted Morrison an extension of time to respond to the *Non Pros* Motion, plus another 20 days to file a second amended complaint. However, the trial court again sent the order to Morrison's former SCI-Chester address. *See* C.R.at 219. Because Morrison did not file a second amended complaint, the trial court entered a judgment of *non pros* on November 2, 2023. *See* C.R. at 220.

Morrison called the presiding trial court judge's chambers after receiving the *non pros* notice and explained that he did not receive the trial court's October 9, 2023 order because the trial court sent it to SCI-Chester rather than his home address. The trial court judge's chambers informed Morrison that he could file a motion to strike the judgment of *non pros*, but he would have to follow the rules of civil procedure to determine how to do so.

Morrison filed the Motion on November 16, 2023,[3] and the trial court held a hearing on January 25, 2024. On January 25, 2024, the trial court denied the

---

[3] *See* C.R. at 221-222. In the Motion, Morrison averred:

> 1) [Morrison] respectfully request [sic] that [the] November 2[], 2023 Judgement of [n]on-[p]ros against [him] be rescinded[] for the following reason.
>
> 2) Morrison filed a [m]otion for [e]xtension of [t]ime on October 4[], 2023.
>
> 3) On October 9[], 2023[,] the [trial court] [g]ranted the [m]otion. However, [Morrison] was not aware of that [o]rder until [Morrison] received the November 2[], 2023 [j]udgement.
>
> 4) [Morrison] contacted the [trial court] Prothon[o]tary's Office about the matter and was informed that the October 9[], 2023 [o]rder "Had to be mailed to SCI[-]Chester per the [d]istribution [l]ist even

3

Motion on the basis that Morrison had not filed a proposed second amended complaint with the Motion, as required by Pennsylvania Rule of Civil Procedure (Civil Rule) 237.3, Pa.R.Civ.P. 237.3,[4] nor had he filed the proposed second amended complaint at any time before or after filing the Motion.[5] Morrison appealed to this Court.[6] On March 25, 2024, pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b), the trial court ordered Morrison to file a Concise Statement of Errors Complained of on Appeal (Appellate Rule 1925(b) Statement). On March 27, 2024, Morrison filed his Appellate Rule 1925(b) Statement. On March 27, 2024, the trial court filed its Statement in Lieu of an Opinion pursuant to Appellate Rule 1925(a) (Appellate Rule 1925(a) Opinion).

Morrison argues that the trial court erroneously denied his Motion given that the trial court failed to notify him that it had issued the October 9, 2023 order extending his time to file a second amended complaint until after the time had expired. Further, Morrison contends that he was not required to attach the second amended complaint to the Motion.

The trial court denied the Motion on the basis of Civil Rule 237.3 (failure to file a second amended complaint with the Motion). However, this Court has explained that "[Civil Rule 237.3] applies **only** to judgments of *non pros* entered

---

though they have had my correct and current address since September 2023."
C.R. at 221.

[4] Civil Rule 237.3(a) mandates that a "petition for relief from a judgment of *non pros* or by default entered pursuant to [Civil] Rule 237.1 **shall have attached thereto a copy of the complaint**, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition." Pa.R.Civ.P. 237.3(a) (emphasis added).

[5] Morrrison's action against PSP was not affected by this ruling.

[6] This Court's "review from a denial of a petition to open/strike a judgment is whether or not the trial court abused its discretion." *Orriola v. Frick*, 664 A.2d 1110, 1111 n.2 (Pa. Cmwlth. 1995).

pursuant to [Civil] Rule 237.1.[7] [Civil] **Rule 237.1(b) specifically excludes judgments entered by a court**[.]" *Davis v. City of Phila.*, 702 A.2d 624, 625 n.1 (Pa. Cmwlth. 1997) (emphasis added). In the instant matter, the **trial court** entered the order granting the *Non Pros* Motion pursuant to its September 15, 2023 rule to show cause. Thus, Civil Rule 237.3, and its requirement that a verified copy of the complaint be attached does not apply, and the trial court should not have denied the Motion on that basis alone. Instead, the trial court should have assessed Morrison's Motion under the requirements of Civil Rule 3051.

> Civil Rule 3051 provides:
>
> (a) Relief from a judgment of *non pros* shall be sought by petition. **All grounds for relief**, whether to strike off the judgment or to open it, **must be asserted in a single petition**.
>
> (b) . . . if the relief sought includes the opening of the judgment, **the petition shall allege facts showing that**
>
>> (1) the petition is timely filed,
>>
>> (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and
>>
>> (3) **there is a meritorious cause of action**.

Pa.R.Civ.P. 3051 (text emphasis and italics added).

---

[7] Importantly, Civil Rule 237.1(b) states:

> **This rule does not apply to a judgment entered**
>
> (1) **by an order of court**,
>
> (2) upon *praecipe* pursuant to an order of court, or
>
> (3) **pursuant to a rule to show cause**.

Pa.R.Civ.P. 237.1(b) (emphasis added).

Here, Morrison's Motion was timely filed. In addition, Morrison explained that he was not aware that the trial court had granted his request for an extension to file a second amended complaint because the trial court's order had been sent to an incorrect address. Accordingly, the *Non Pros* Motion contains facts providing a reasonable explanation for the conduct giving rise to the entry of judgment of *non pros*. However, despite satisfying Civil Rule 3051(b)'s first two requirements, Morrison did not allege facts in the Motion showing that he had a meritorious cause of action.

Notwithstanding, Civil Rule 126 states:

> The [Civil R]ules shall be **liberally applied to secure the just**, speedy, and inexpensive **determination of every action or proceeding** to which they are applicable. The court at every stage of any such action or proceeding **may disregard any error or defect of procedure** which does not affect the substantive rights of the parties.

Pa.R.Civ.P. 126 (emphasis added).

Morrison did not receive the August 16, 2023 trial court order sustaining the preliminary objections and ordering him to file a second amended complaint because the trial court sent the order to SCI-Chester following his release. After the trial court entered a rule to show cause for Morrison to respond to the *Non Pros* Motion, Morrison contacted the trial court judge's chambers and explained the circumstances underlying why he did not file the second amended complaint, including that he had been released from SCI-Chester prior to the trial court's order's arrival. At the trial court judge's staff's direction, Morrison filed a motion to extend the time to file an amended complaint. The trial court granted the motion, but **sent the order granting the motion to Morrison's former SCI-Chester address, despite Morrison having informed the trial court that he was no longer at that address**. Due to the trial court's failure to send its order to Morrison's correct

6

address, Morrison did not receive the order and, as a result, did not file a second amended complaint. Consequently, the trial court entered a judgment of *non pros* on November 2, 2023. When Morrison contacted the presiding trial court judge's chambers after receiving the *non pros* notice, he was informed that he could file a motion to strike the judgment of *non pros*. Morrison filed the Motion on November 16, 2023, but did not include facts showing that he had a meritorious cause of action. The trial court's denial of Morrison's Motion based on his non-compliance with Civil Rule 237.3, while legally incorrect, also denied Morrison the "just . . . determination" of his action in light of the instant circumstances. Pa.R.Civ.P. 126. Accordingly, the trial court should have afforded Morrison an opportunity to amend his Motion to allege facts showing that he has a meritorious cause of action.

For all of the above reasons, this Court vacates the trial court's order and remands to the trial court with direction to afford Morrison the opportunity to amend his Motion to allege facts showing that he has a meritorious cause of action.[8]

_____
ANNE E. COVEY, Judge

---

[8] Given this Court's resolution of the first issue, it does not reach Morrison's second issue.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Morrison, :
           Appellant :
:
        v. :
:
Pennsylvania State Police and : No. 182 C.D. 2024
Hippensteels Auto Recon :

## O R D E R

AND NOW, this 9th day of December, 2025, the Cumberland County Common Pleas Court's January 25, 2024 order is VACATED and the matter is REMANDED to the trial court for further proceedings consistent with this opinion. Jurisdiction is relinquished.

_____

ANNE E. COVEY, Judge